Taylor, Appellant, *v.* Philadelphia Parking
Authority.

Argued November 12, 1959.   Before JONES, C. J.,
BELL, MUSMANNO, JONES, COHEN, BOK and McBRIDE,
JJ.

*Lionel B. Gumnit,* for appellants.

*Leonard J. Cook,* with him *Harold Cramer,* and *Shapiro, Rosenfield, Stalberg & Cook,* for appellee.

OPINION BY MR. JUSTICE McBRIDE, December 30, 1959:

Plaintiffs brought suit in assumpsit against the defendant, Philadelphia Parking Authority, alleging, inter alia, that they were regular monthly parkers at a garage operated by defendant in Philadelphia; that defendants had been informed that in their business the cars of plaintiffs carried valuable jewelry samples and that such cars were equipped with burglar alarms; that plaintiffs were to park their cars in the garage and lock them retaining control of the keys thereto at all times. On or about March 8, 1957, one of plaintiffs' cars was placed in defendant's garage and locked as usual. The complaint goes on to aver that this car contained approximately $8,000 worth of samples of various types of jewelry; that on or about March 19, 1957 the car was missing from the garage and was reported to the police as stolen. On March 23, 1957 the car was found but the jewelry was missing. It is plaintiffs' contention that the defendant violated a bailment contract in failing to return the automobile and its contents and sought judgment. Defendant's answer denied the material averments of plaintiffs' complaint.[1]

---

[1] Subsequently defendant filed a complaint naming as an additional defendant the manager of the garage who, pursuant to a

The case was tried by the court without a jury and at the conclusion of plaintiffs' case, defendant moved for a nonsuit on the ground that there was no bailor-bailee relationship but instead, a lease of parking privileges and consequently there was no liability for loss by theft in the absence of proof of culpable negligence on its part. See *Moss v. Bailey Sales and Service,* 385 Pa. 547, 123 A. 2d 425. The trial court entered a compulsory nonsuit which was affirmed by the court en banc. This appeal followed.

This is a case of first impression before the appellate courts of Pennsylvania. For all practical purposes it could be considered as a case stated because there is very little, if any, dispute as to the facts. The only dispute is with regard to the legal consequences of those facts.[2] The parties repeat their respective contentions here.

In order to fix liability upon the proprietors of an automobile parking place, it is necessary to ascertain if there is such a delivery of or assumption of control of the automobile entrusted to him as to create a bailment. One who merely leases automobile parking privileges is not the bailee of the parked car and consequently is under no duty to guard against loss by theft. 4 Williston on Contracts (Rev. Ed.) 2960, §1065a.

The decided cases recognize two principal classes of legal relationships in dealing with the present-day

written contract, assumed all liability on the part of the defendant. However, the issue of liability over against the additional defendant was never reached at trial and therefore discussion will be limited here to liability as between plaintiffs and defendant, Philadelphia Parking Authority.

[2] Our interpretive approach must, of course, be governed by the principle that on a motion to remove a compulsory nonsuit the evidence must be viewed in the light most favorable to plaintiffs. *Finnin v. Neubert,* 378 Pa. 40, 105 A. 2d 77.

type of parking lot. The first is where an owner rents space in a parking lot, drives his automobile therein, locks it or not as he chooses, and for all practical purposes retains control thereof. The second is where the garage attendants collect fees, assume control of cars, park them and move them about within the garage as they find convenient, the keys are left in the cars and tickets are issued as means of identifying cars upon redelivery. The first class of cases has almost universally been held to be that of a mere lease of parking privileges because the owner has paid a fee only for the privilege of parking his automobile without any actual delivery to the parking lot operator and with no corresponding right to redelivery. See *Suits v. Electric Park Amusement Company,* 213 Mo. App. 275, 249 S.W. 656; *Lord v. Oklahoma State Fair Association,* 95 Okla. 294, 219 P. 713; and the extensive annotation in 131 A.L.R. 1175.

The second class of cases has been held to constitute a bailment and the lot owner held responsible for loss of the car or damage to it. See *Baione v. Heavey,* 103 Pa. Superior Ct. 529, 158 Atl. 181; *Doherty v. Ernst,* 284 Mass. 341, 187 N.E. 620, and the annotation at 131 A.L.R. 1175.

The characterization of the relationship as a bailment or a lease does not depend upon the physical structure of the place where the article is stored, as plaintiffs would have us hold, but rather it is based solely on whether the alleged bailor delivered the custody and control of the item to the bailee. See 24 Am. Jur. 493. Since here plaintiffs reserved possession of the car at all times by retaining the keys thereto, defendant acquired no dominion over the vehicle nor any right to control removal of it; hence there was no bailment. See 27 Geo. L. J. 178.

It should be noted that here there was a written parking contract in force between plaintiff and defend-

ant. This agreement is at least clear evidence of the intention of the parties. It originally provided: "The Authority shall have the right to move the applicant's automobile to such location as it may deem necessary in order to facilitate the most effective use of the parking space on the roof. *Ignition keys must be left in the automobile at all times.*" However, it is conceded that it was orally amended to permit plaintiffs to retain their ignition keys at all times and thus retain absolute control over the vehicle. This indicated that plaintiffs themselves considered their arrangement in the nature of a lease of parking privileges where no control of their automobile was turned over to defendant rather than a bailment in which control is surrendered. This being so, it follows that under the circumstances of this case the court below correctly held that the defendant was not liable.

The judgment of the court below is affirmed.