459 A.2d 417

**Edward DURKIN, James Durkin, Jr., Eugene Bartoli, John R. Williams and Herve Filton, Ind. and D/B/A Snow Shoe Farms, Appellants,**

v.

**EQUINE CLINICS, INC., and Joseph De Leo.**

Superior Court of Pennsylvania.

Argued June 7, 1982.

Filed April 29, 1983.

---

1. But see Pa.R.Crim.P. 57 and 58 which require summons to be "substantially" in the recommended form.

Cavanaugh, J., concurred in result.

Joseph D. Shein, Philadelphia, for appellants.

George J. McConchie, Media, for appellees.

Before CAVANAUGH, ROWLEY and WATKINS, JJ.

ROWLEY, Judge:

Appellants brought this action to recover the value of their six year old race horse, Josiah. Josiah died on August 21, 1971, approximately ten minutes after being injected with certain drugs by appellee Dr. Joseph DeLeo, a veterinarian employed by appellee Equine Clinics, Inc. After a jury trial in December of 1980, a verdict was returned in favor of appellees. Motions for a New Trial were filed and denied. This appeal followed.

Five issues are raised on appeal: 1) Did the court err in its charge to the jury by failing to clarify the issues or to apply the law to the facts of the case?; 2) Did the court err in not charging that a race horse is a unique chattel and therefore not subject to the usual market value rule of damages?; 3) Did the court err in not permitting a recorded interview with Dr. Seeber to be played for the jury?; 4) Did the court err in refusing to charge the jury on the doctrine of res ipsa loquitur?; and 5) Did the court err in refusing to instruct the jury that prescribing and administering dosages of drugs contrary to the manufacturer's package insert is evidence of negligence?

■ Appellants' first and second arguments, concerning failure to apply the law to the facts and the proper measure of damages will not be considered because they have not been preserved for appellate review since they were not raised in appellants' post-trial motions. *Paul v. Dwyer*, 410 Pa. 229, 188 A.2d 753 (1963); *Leopold v. Davies*, 246 Pa.Super. 176, 369 A.2d 868 (1977).

Appellants next argue that the court erred in refusing to permit a recorded interview with Dr. Seeber, an associate of Dr. DeLeo who had been treating Josiah, to be played for the jury. However, a written transcript of the recording was admitted into evidence. Appellants do not claim that the transcript was inaccurate. Rather, they argue that

listening to the recording would have had a different "impact" on the jury than merely reading a transcript. Appellants further argue that introduction of the transcript, rather than the recording itself, violated the "Best Evidence Rule".

Even if we were to consider the tape recording to be a "writing", the Best Evidence Rule would not apply in this case. The Best Evidence Rule is only applicable to the proof of the contents of documents when the contents of those documents are material to, rather than mere evidence of, the issues at bar. Otherwise, the admission of "secondary evidence" should not be reversed except for a "grave abuse of discretion". *Ledford v. Pittsburgh & Lake Erie R. Co.*, 236 Pa.Super. 65, 345 A.2d 218 (1975). In this case, the contents of the interview were merely collateral to the issue of appellees' negligence. Proof of its content was not necessary in order to make a case or provide a defense. *See Warren v. Mosites Const. Co.*, 253 Pa.Super. 395, 385 A.2d 397 (1978). Therefore, the Best Evidence Rule does not apply. Since we find no abuse of discretion in the admission of the transcript rather than the recording, appellants' argument is without merit.

Appellants next argue that the court erred in refusing to charge the jury on the doctrine of res ipsa loquitur.

Res ipsa loquitur may be applicable in a medical malpractice action. *Jones v. Harrisburg Polyclinic Hospital, et al.*, 496 Pa. 465, 437 A.2d 1134 (1981). In this case, however, the trial court refused the instruction because it concluded that the event was not of a kind which ordinarily does not occur in the absence of negligence, one of the requirements of the doctrine. *Gilbert v. Korvette's Inc.*, 457 Pa. 602, 327 A.2d 94 (1974). See also *Starr v. Allegheny General Hospital*, 305 Pa.Super. 215, 451 A.2d 499 (1981). We agree with that conclusion.

In this case the "doctor/patient" relationship involved was between a veterinarian and a horse. As with malpractice cases involving human patients, no presumption

of inference of negligence arises merely because the medical treatment culminates in a bad result. *Ragan v. Steen,* 229 Pa.Super. 515, 331 A.2d 724 (1974). The question in this case involved a reaction to certain types and dosages of drugs and the possible cause of such a reaction. An adverse reaction to medication may have many possible causes. Therefore, this was not an appropriate case for an instruction on res ipsa loquitur.

Appellants' final argument is that the court erred in refusing to instruct the jury that the prescribing by a veterinarian of prescription drugs in excess of the manufacturer's recommended dosage is evidence of negligence.

It was undisputed that ten minutes before he died, Josiah received a dosage of the drug Butazolidin which was two times the manufacturer's maximum recommended dosage. Appellees were aware of the maximum recommended dosage on the package insert, but deliberately chose to prescribe a "double dose". There is some dispute as to what other drugs were administered.

In *Incollingo v. Ewing,* 444 Pa. 263, 282 A.2d 206 (1971), the Supreme Court indicated that warnings and instructions on drug labels could be considered, along with other factors, in determining whether conduct fell below a reasonable standard of professional care. The Court further indicated that even though the practice in the profession may be to ignore those instructions, such conduct can still constitute malpractice.

The entire theory of appellants' case was that Josiah died as the result of a drug overdose. The fact that the recommended dosages of certain drugs were exceeded was crucial evidence to support that theory. A trial court's instructions should not exclude any theory, right or defense or any material fact issue arising from the evidence. *See* P.L.E. Trial §§ 288, 289. Therefore, we hold that it was error for the court to fail to instruct the jury that, in determining whether appellees were negligent and whether that negligence caused Josiah's death, it could consider the fact that appellees failed to follow the manufacturer's rec-

ommended dosage. Because of the importance of the drug overdose issue, failure to so charge was extremely prejudicial to appellants. Therefore, we will vacate the judgment in favor of appellee and remand this case for a new trial.

Judgment vacated and case remanded for further proceedings.

Jurisdiction relinquished.

CAVANAUGH, J., concurs in the result.