526 A.2d 404

**Marjorie L. JOHNSON and Joseph E. Johnson, Appellants**

v.

**John MATHIA d/b/a John's Auto Body.**

Superior Court of Pennsylvania.

Submitted March 18, 1987.

Filed May 18, 1987.

Gregory Gleason, Pittsburgh, for appellants.

Joseph D. Talarico, Pittsburgh, for appellee.

Before ROWLEY, DEL SOLE and TAMILIA, JJ.

DEL SOLE, Judge:

This appeal follows a non-jury trial in which a verdict was entered in Appellee's favor. By his Opinion, dated August 5, 1986, the trial court capsulized the following series of events. Appellant's automobile was delivered to Appellee's garage for body repairs. The parties struck an agreement in which Appellee received $300.00 with the understanding that the total cost of the repairs would be $1,100.00. In addition, the $1,100.00 figure was contingent on Appellant's purchase of certain body parts and delivery of them to Appellee's garage for installation.

Appellee proceeded to make $300.00's worth of repairs to the vehicle. However, Appellant never gave Appellee the required auto parts so that the balance of repairs could be performed. Appellee finally contacted Appellant and notified him that no further work would be done on the automobile until Appellant paid him $800.00 to finish the repairs. When Appellant did not respond to this notification, Appellee told Appellant that the car was outside on his lot and that he wanted it to be removed from the site. In fact, Appellee even offered to pay the towing expenses of having it delivered to Appellant's home. Appellant refused this offer and promised instead to remove the car. This promise, however, was never fulfilled. Eventually, Appellee reported the car abandoned to the North Braddock Police Department, after which, it was removed from the establishment. The lapse of time between delivery to, and removal from, the lot was eight months. Appellant later recovered the automobile and found that it was "totally cannibalized". (Opinion, 8/5/86).

On appeal, it is Appellant's position that Appellee failed to exercise ordinary care of the automobile pursuant to their contract of bailment. Likewise, Appellant alleges that he had sufficiently proven damages resulting from the destruction of the vehicle. The trial court ruled against Appellant on both of these issues. We affirm.

A bailment is created by the delivery of personalty for a particular purpose, pursuant to an implied or express contract, in which redelivery is promised upon completion of that purpose. In a mutual benefit bailment, as illustrated in the instant case, the bailee is entitled to compensation if he/she gives adequate notice of the intention to charge the bailor. *Ferrick Excavating and Grading v. Senger Trucking*, 315 Pa.Super. 69, 75, 461 A.2d 800, 802 (1983), *rev'd for other reasons*, 506 Pa. 181, 484 A.2d 744 (1984) (citations omitted). Under these circumstances, the bailee must use ordinary care and is liable for ordinary negligence. *Id.*, 506 Pa. at 192, 484 A.2d at 749.

Appellant maintains that Appellee is liable for the damages to the automobile insofar as he failed to meet his duty of ordinary care. However, the trial court aptly points out that "Plaintiff was on notice that any bailment with Defendant was at an end when there was a mutual agreement that the car would be towed from Mathia's lot." (Opinion, 8/5/86, 3).

Admittedly, Pennsylvania case law remains undeveloped on the issue of termination of a bailment. However, it is the general consensus among our sister states that either the bailor or the bailee may terminate a bailment at will where the bailment is not for any particular time. 8 Am Jur 2d, Bailments § 292. In these cases, such as the instant, a bailee has the additional obligation to allow the bailor a reasonable time in which to retake possession of the property before the bailment can be regarded as terminated. *Id.* at § 294. "If the facts are in dispute as to whether the bailment has been terminated, or if different inferences may be drawn from the evidence, it is for the [factfinder] to say whether the bailment was terminated or continued and renewed." *Id.* at § 292.

■ We are satisfied that the findings of the trial judge, sitting as a trier of fact, were supported by competent evidence. Thus, we decline to disturb the trial court's conclusion that Appellee gave Appellant proper notice that the bailment had ended and a sufficient period of time in which to collect the automobile. This is further evidenced by the fact that Appellee went so far as to offer to incur the expense of towing the car to Appellant's home. *See 2401 Pennsylvania Avenue Corporation v. Federation of Jewish Agencies of Greater Philadelphia*, 319 Pa.Super. 228, 236, 466 A.2d 132, 135 (1983) (factual findings of trial judge made in non-jury trial will not be disturbed unless not found on competent evidence).

Appellant cannot now be heard to complain that Appellee acted improperly by having the vehicle towed from his premises. Clearly, Appellant made no attempt to protect his rights by either removing the automobile or making other appropriate provisions. Accordingly, we agree with the trial judge's conclusion that Appellant had failed to demonstrate a showing of negligence committed by Appellee. In light of our treatment of the negligence issue, it is unnecessary to consider Appellant's argument concerning proof of damages.

Judgment affirmed.