## Witlin v. Green

*F. Barbara Danien,* for plaintiffs.
*William T. Steerman,* for defendant.

GAFNI, *J.,* June 19, 1992—Plaintiff Anthony Witlin seeks damages from defendant Mitsy Green, in connection with the theft of an automobile leased to Witlin, which was in Green's possession. For the reasons discussed below, this court will find in favor of Green.

### FACTUAL BACKGROUND

The 1987 Mercedes Benz at issue in this case was originally leased by the Mercedes Benz Credit Corp. to an acquaintance of Witlin's. On August 14, 1989, however, the original lessee assigned his interest in the car to Witlin in a written agreement as required by section 18 of the lease. That same month, Witlin and Green agreed that Green would use the car and that she would pay Witlin $426.29 per month.

On March 31, 1990, the car was stolen from Green. Green spent that evening at a Center City restaurant. She placed her handbag, which contained the keys to the Mercedes, on the bar. Green sat at the bar, but for at least

a part of time, had her back turned to it. An unknown person removed the car keys from her handbag and, subsequently, stole the car.

The Mercedes was eventually recovered by the police, in a damaged condition. Witlin claims damages from Green in the amount of his expenses connected with the repossession and repair of the car. He also asserts a claim for the amount of the monthly payments not made by Green, who ceased making the $426.29 payments to Witlin after the car was stolen.

## DISCUSSION

The agreement by which Witlin agreed to give Green the use of the car in exchange for monthly payments constitutes a bailment. A bailment is the delivery of personalty for the accomplishment of some purpose upon a contract, express or implied, that after the purpose has been fulfilled it shall be redelivered to the person who delivered it, otherwise dealt with according to his directions, or kept until he reclaims it. *Smalich et al. v. Westfall,* 440 Pa. 409, 269 A.2d 476 (1970); *Johnson v. Mathia,* 363 Pa. Super. 397, 526 A.2d 404 (1987).

Three types of bailment exist: (1) bailments for the sole benefit of the bailor; (2) bailments for the sole benefit of the bailee; and (3) mutual benefit bailments. *Salzberg v. Gibbs,* 70 D.&C.2d 684, 686 (1975). When a bailment is reciprocally beneficial to both parties, the law requires ordinary diligence on the part of the bailee, and makes her responsible for ordinary neglect. *Id.* The bailment in this case was for the mutual benefit of the parties, in as much as Green received the use of the car, while Witlin received monthly payments. Thus, Green is liable

for damages resulting from the theft of the Mercedes only if her negligence allowed the car to be stolen.

Witlin argues that Green was negligent in placing her purse on the bar and sitting with her back towards it. The court does not agree. Unlike a wallet, which may be placed in a pocket close to the person, a handbag must either be physically held or placed near its owner. Moreover, because a handbag is large in size, relative to a wallet, its owner might reasonably guard it by putting it down. Ordinary care does not require a woman to hold her handbag to her throughout an entire evening spent sitting at the bar of a restaurant, or to keep it in sight every moment. Since Green has testified that she was sitting at the bar upon which her bag was placed, the court need not now decide how far she could have moved from her bag, or for how long, without behaving negligently.

In *Widawski v. Lupowitz,* 164 Pa. Super. 298, 63 A.2d 106 (1949), the Superior Court held a bailee liable where the theft of a bailor's car was facilitated by the bailees leaving the keys where the thief could easily obtain them. In that case, the bailee was the owner of an apartment building which maintained a garage on its premises. The keys to the cars parked in the garage were left in a booth adjacent to the main floor of the garage, which was not guarded or locked. The employees attending the parking lot had other duties in connection with the building, so that the garage was left for many hours with no one in charge. Green's behavior in this case does not rise to the level of carelessness displayed by the defendant in *Widawski.*

Witlin also argues that Green was negligent in failing to insure the Mercedes. Here, again, the court disagrees.

A bailee holds an insurable interest in the property in his possession. *Gardner v. Freystown Mutual Fire Insurance Co.,* 350 Pa. 1, 37 A.2d 535 (1944). However, Green has testified that she believed that Witlin had insured the car. This was reasonable, since Witlin was the car's lessee. In fact, the Mercedes Benz Credit Corp. lease assigned to Witlin places the responsibility to obtain insurance upon the lessee. The agreement between Witlin and Green was not effective to transfer this obligation to Green, since an assignment of the lease required the written consent of Mercedes Benz, which the parties did not obtain.

Finally, Green was not required to continue to make monthly payments to Witlin after the Mercedes was stolen. The general rule is that where a hired chattel is destroyed without the fault of the bailee, she is, in the absence of an express stipulation to the contrary, liable only *pro tanto* for payment of the hire. 8 Am.Jur.2d, *Bailments,* §240 (1980). Witlin cites no authority to the contrary. Thus, in the absence of negligence on Green's part, she is not liable to Witlin.