## Kostin v. Mehlbaum

C.P. of Dauphin County, no. 759-S 1994.

*Steven R. Williams,* for plaintiff.
*Kenneth F. Lewis,* for defendant.

EVANS, *J.,* April 21, 1995—Does a monthly parking fee, paid by a motorist to the lessee of a parking lot, constitute a lease within the ambit of the Landlord & Tenant Act of 1951?

Plaintiff, Kostin, is the owner/lessor of a paved parking lot located at 322 South Second Street, Harrisburg, Pennsylvania. The parking lot consists of approximately 66 parking spaces. Kostin leased the lot to defendant, Mehlbaum, for a term of five years and two months, ending on December 31, 1992 for a total rental value of $47,320 payable in monthly installments.

Paragraph 16 of the lease between plaintiff and defendant states in pertinent part:

32

"The lessee accepts notice to quit, remove from, and surrender up possession of the said demised premise to the said lessor, his heirs or assigns, at the expiration of said term, whenever it may be determined, whether by forfeiture or otherwise, without any further notice to the effect, all further notice hereby waived."

The facts are in dispute as to whether plaintiff, through his agent, orally advised defendant of his intentions not to renew the lease, but in any event, at the end of said term, defendant, in writing, offered to continue to lease said property from plaintiff on a month-to-month basis. Defendant commenced to tender monthly rent payments to plaintiff in November 1987, during said lease term, which payments have continued through the date of the answer.

Defendant rents spaces in the parking lot to third persons on a month-to-month basis. Plaintiff alleges that these third persons are in fact sublessees who are entitled to a notice of the action in ejectment instituted by plaintiff against defendant. Plaintiff therefore requests defendant to provide the names of these third persons in order for plaintiff to abide by Pa.R.C.P. 410(b)(1) which requests that original process in an action in which possession of real estate is sought be served on the defendant and "upon any person not named as a party who is found in possession of the property."

The laws governing parking lots or garages have only been analyzed in this jurisdiction under the theory of bailments. In order for the courts to find the owner/lessor of the parking lot liable to the motorist for a lost or stolen vehicle, for example, the motorist must have relinquished all dominion and control of his vehicle and entrust the same to the owner/lessor for his agent.

In a case of first impression the Supreme Court in *Taylor v. Philadelphia Parking Authority,* 398 Pa. 9, 12, 156 A.2d 525 (1959) stated that there are two classes of legal relationships in dealing with parking lots:

"(1) Where an owner rents space in a parking lot, drives his automobile therein, locks it or not as he chooses, and for all practical purposes retains control thereof;

"(2) Where the garage attendants collect fees, assume control of cars, park them and move them about within the garage as they find convenient, the keys are left in the cars, and tickets are issued as means of identifying cars upon redelivery."

In *Taylor, supra,* the court held the garage owner not liable for the theft of a regular monthly parker's vehicle. The motorist held his keys and retained both control and possession of his vehicle thereby not creating a bailment relationship. The court found the relationship between the garage and motorist to be in the nature of a lease of parking privileges involving neither surrender nor control of the vehicle. Thus, the court held the first class of legal relationships to be that of a lease whereas the second class was a bailment.

However, the American Law Report, 13 ALR 1175, recognizes a third class of relationships which is neither a lease nor a bailment. The most accurate description is to call the relationship that of a license, a privilege to park. A license, as defined in *Baldwin v. Taylor,* 166 Pa. 507, 511, 31 A. 250 (1895), is "an authority [or permission] to do a particular act or series of acts upon [land of another] without possessing any [interest or] estate [in such land]." Therefore, it seems that the motorist in *Taylor, supra,* was actually a licensee of the garage rather than a lessee. His monthly rental fee entitled him only to the right to use a portion of the

garage for the sole purpose of parking his vehicle for a period of time determinable by the motorist only.

In further support of the licensor-licensee relationship, the Superior Court in *Sparrow v. Airport Parking Co. of America,* 221 Pa. Super. 32, 289 A.2d 87 (1972), stated that although parking privileges are classified as either a relationship of lease or bailment, the use of a public parking lot does not create a landlord/tenant relationship.

In *Sparrow,* the motorist gained entry into the parking lot by claiming a check (ticket) from an automatic vending machine, where the gate opened and admitted the motorist. The motorist then selected his own space in which to park and retained possession and control of the vehicle's keys. The motorist did not entrust the parking lot's owner/lessor or his agent with possession or control of his keys or vehicle under the theory of bailment. However, the court did hold the owner/lessor liable under the theory of an implied contractual duty of care. The court further reiterated the American Law Report's position that a motorist does not exercise exclusive control or possession of the parking spot for a specified term. The motorist, in exchange for his fee, receives the right to use a portion of the lot (his parking space regardless of whether or not it is a designated space), for the sole purpose of parking for a period of time completely within the motorist's control.

The facts at bar present an analogous situation to the court's analysis in *Sparrow.* In exchange for the monthly fee paid to the defendant, the motorist receives the sole privilege of parking in a space. The monthly motorist does not acquire any interest in the parking lot. He receives only the permission and authority to perform a series of acts on the land of another, the acts being that of parking a vehicle in a space for a

monthly term. The motorist does not possess any interest in the lot or space; he only receives the right to park. This right is a privilege which is most accurately described as a license. A monthly parking fee in light of the facts of the case herein does not constitute a lease, but rather, a privilege to park. This privilege does not include the exclusive possession and enjoyment of the lot. It merely gives the motorist the right to use a portion of the lot for the limited purpose of parking.

Accordingly, plaintiff's request to receive the names of the third persons who rent monthly space from defendant-lessee is hereby denied as the plaintiff need not serve original process on persons not anticipated by Pa.R.C.P. 410 to be "in possession" or holding an "interest in" said property.

### ORDER

And now, April 21, 1995, plaintiff's request to receive the names of the third persons who rent monthly space from defendant-lessee is hereby denied as the plaintiff need not serve original process on persons not anticipated by Pa.R.C.P. 410 to be "in possession" or holding an "interest in" said property.