680 A.2d 1149

**Tracy PRICE, Appellee,**

v.

**Nancy O. BROWN, V.M.D., Appellant.**

Supreme Court of Pennsylvania.

Argued Oct. 26, 1995.

Decided July 31, 1996.

Audrey L. Jacobsen, Berwyn, Christopher E. Dougherty, Charles W. Craven, Norristown, for Nancy O. Brown.

John C. Dowling, Harrisburg, for amicus curiae—A.V.M.A.

William G. Halligan, Media, for Tracy Price.

Before NIX, C.J., and FLAHERTY, ZAPPALA, CAPPY, CASTILLE and MONTEMURO, JJ.

## OPINION

ZAPPALA, Justice.

The issue presented in this appeal is whether a complaint based upon an alleged breach of a bailment agreement states a cause of action for injury or death suffered by an animal that has been entrusted to a veterinarian for surgical and professional treatment. We hold that allegations of breach of a bailment agreement are insufficient to state a cause of action against a veterinarian who has performed surgery on an animal when the animal suffers an injury as a result or does not survive the surgery.

On May 4, 1993, Tracy Price filed a complaint against Nancy O. Brown, a veterinarian, alleging that she had delivered her English Bulldog to Dr. Brown for surgical treatment to correct a prolapsed urethra. Dr. Brown performed the surgery on August 30, 1991. The next evening, Price visited

the dog at the veterinary hospital. She inquired into the dog's condition after observing that the dog was panting strenuously and appeared groggy. She requested that the dog be monitored on a 24-hour basis and was assured that would be done by an unidentified agent of Dr. Brown's. Price alleged that the dog was left unattended after midnight that evening. During the morning of September 1, 1991, the dog died.

In her complaint, Price asserted liability based only upon a theory of bailment. Price alleged that the dog had been entrusted to Dr. Brown in reliance upon the promise and representation that she would perform the necessary surgery and return the dog to her in the same general good health as before. Price alleged that Dr. Brown had breached the agreement by failing to monitor the dog's condition and by failing to return the dog in good health. Price alleged that the fair market value of the dog was $1,200.00 and demanded judgment in that amount.

Preliminary objections in the nature of a demurrer were filed to the complaint. By order dated October 12, 1993, the trial court sustained the preliminary objections and dismissed the complaint without prejudice.[1] The trial court concluded that allegations of a breach of a bailment agreement, without more, are insufficient to state a cause of action against a veterinarian for death or injury to an animal entrusted to his or her care for professional treatment.

The Superior Court reversed, finding that the complaint was sufficient to state a cause of action for breach of a bailment agreement and that the issue of whether a bailment agreement existed under the specific facts alleged was a matter for the factfinder. The court did not consider the allegation that Dr. Brown failed to monitor the dog overnight and its implications of negligent care, reasoning that where the owner of an animal chooses to bring a cause of action in bailment rather than negligence the only relevant question is whether sufficient facts are presented to support an implied

1. The record does not indicate that Price amended her complaint after the order was entered.

agreement between the parties. The matter was remanded for further proceedings.

We granted allocatur and now reverse and reinstate the trial court's order dismissing the complaint.

The following standard of review is to be applied by an appellate court where there is a challenge to the sustaining of preliminary objections in the nature of a demurrer.

All material facts set forth in the complaint as well as all inferences reasonably deducible therefrom are admitted as true for [the purpose of this review.] The question presented by the demurrer is whether, on the facts averred, the law says with certainty that no recovery is possible. Where a doubt exists as to whether a demurrer should be sustained, this doubt should be resolved in favor of overruling it.

*Mahoney v. Furches,* 503 Pa. 60, 66, 468 A.2d 458, 461–2 (1983) (citations omitted).

We must examine the elements of a cause of action for breach of a bailment agreement and those of a cause of action for professional negligence to determine whether preliminary objections were properly sustained by the trial court in this case.

"A bailment is a delivery of personalty for the accomplishment of some purpose upon a contract, express or implied, that after the purpose has been fulfilled, it shall be redelivered to the person who delivered it, otherwise dealt with according to his directions or kept until he reclaims it." *Smalich v. Westfall,* 440 Pa. 409, 413, 269 A.2d 476, 480 (1970) (citation omitted). Therefore, a cause of action for breach of a bailment agreement arises if the bailor can establish that personalty has been delivered to the bailee, a demand for return of the bailed goods has been made, and the bailee has failed to return the personalty.

When the bailor produces evidence to satisfy those elements, the bailee has the duty of going forward with evidence accounting for the loss and if the bailee fails to do so, he is responsible for the loss. It is assumed under those

circumstances that the bailee has failed to exercise the duty of care required by the agreement.[2] *Schell v. Miller North Broad Storage Company*, 142 Pa.Super. 293, 16 A.2d 680 (1940). On the other hand, should the bailee go forward with evidence showing that the personalty was lost and the manner in which it was lost, and the evidence does not disclose a lack of due care on his part, then the burden of proof again shifts to the bailor who must prove negligence on the part of the bailee. *Id.*

■ As to a cause of action based on the negligence of a veterinarian in the performance of his/her professional duties or services, we note at the outset that malpractice claims have traditionally arisen in the context of services provided by the legal and medical professions. Similar to the practice of law or medicine, the vocation of veterinary medicine involves specialized education, knowledge, and skills. We conclude, therefore, that professional negligence concepts also extend to veterinary medicine.

The practice of veterinary medicine is extensively regulated in Pennsylvania under the Veterinary Medicine Practice Act, 63 P.S. § 485.1 et seq. "Veterinary medicine" is defined as the "branch of medicine which deals with the diagnosis, prognosis, treatment, administration, prescription, operation or manipulation or application of any apparatus or appliance for any disease, pain, deformity, defect, injury, wound or physical condition of any animal or for the prevention of or the testing for the presence of any disease." 63 P.S. § 485.3(9).

The Act established a State Board of Veterinary Medicine within the Department of State whose duties include, inter alia, the adoption of rules and regulations governing the practice of veterinary medicine, approval of qualifications of applicants for a license to practice, and regulation of licensed

2. Different types of bailment, i.e., sole benefit to bailor, sole benefit to bailee, and mutual benefit, impose different standards of care upon the bailee. *Ferrick Excavating v. Senger Trucking*, 506 Pa. 181, 484 A.2d 744 (1984). In this case, where the allegations of a bailment indicate one mutually beneficial to both parties, the bailee is required to exercise ordinary diligence and is responsible for ordinary neglect.

veterinarians. 63 P.S. §§ 485.4, 485.5. A person who intends to practice veterinary medicine in Pennsylvania must obtain a license and maintain registration. The board may license to practice veterinary medicine any applicant who pays the requisite fee and submits satisfactory evidence that he or she: (1) is at least eighteen years old; (2) has graduated from an approved school or college of veterinary medicine; (3) has passed a license examination required by the board; and (4) has not been convicted of a felonious act prohibited by The Controlled Substance, Drug, Device and Cosmetic Act. 63 P.S. § 485.9.

■■■ To state a cause of action based upon the negligent acts or omissions of a veterinarian in the performance of professional duties or services, the plaintiff must plead (1) the employment of the veterinarian or other basis for the duty; (2) the veterinarian's failure to exercise the appropriate standard of care; and (3) that the veterinarian's departure from that standard was the proximate cause of the animal's injury or death. A plaintiff must specifically allege that the veterinarian was negligent in the performance of his professional services. In contrast, a claim based upon a breach of bailment agreement does not require an allegation of negligence to be made. Under a bailment theory, the plaintiff does not bear the initial burden of producing evidence of the negligent acts or omissions of the veterinarian; however, the plaintiff does bear that burden when professional negligence is asserted.

In this case, Price's complaint asserted a cause of action for her dog's death based solely upon breach of a bailment agreement. Price asserts that preliminary objections to the complaint should not have been sustained by the trial court because all of the traditional elements of a bailment were pled in the complaint, i.e., delivery of the dog to Dr. Brown[3]; that a demand was made for the dog's return; and that Dr. Brown failed to return the dog in the same general good health and did not provide any explanation therefor. Although allegations to that effect were stated in the complaint, Price also

3. Under the Dog Law, 3 P.S. § 450–101 et seq., dogs are declared to be personal property and subjects of theft. 3 P.S. § 459–601(a).

alleged that she delivered the dog to Dr. Brown for surgical treatment to correct a prolapsed urethra, that the surgery was performed, that Dr. Brown failed to monitor the dog's condition overnight, and that the animal died within two days after surgery.

The trial court sustained the preliminary objections to the complaint, determining that liability could not be imposed upon a veterinarian for breach of a bailment agreement when an animal is delivered for the particular purpose of surgical procedure. The court recognized that a dog is personal property, but stated that "Allegations which might give rise to a bailment are, without more, insufficient to state a cause of action against a veterinarian for death or damage to an animal entrusted to his or her care for veterinary treatment." (Trial court slip opinion at 3). The court concluded that in order to recover damages for such loss, the plaintiff must plead and prove that the veterinarian was negligent.

We agree with the trial court that the purpose for which an animal is entrusted to the care of a veterinarian is a material fact that must be considered in determining whether a plaintiff's complaint states a cause of action as a matter of law, and that Price's complaint failed to state a cause of action for professional negligence. The allegations relating to the professional services rendered by Dr. Brown cannot be deliberately excised from the complaint as if the veterinarian's services were no different than those offered by a kennel operator or dog groomer. There are significant differences between surgical services provided by a veterinarian and grooming or caretaking services.

The Superior Court erred in focusing solely on whether an implied bailment agreement could be found aside from an agreement to provide medical treatment for the animal. The specific allegations that Price's observations of her dog's condition following surgery prompted her to request that the dog be monitored around the clock, that the dog was left unattended after midnight, and that the dog died the next morning,

were not superfluous. The Superior Court's selective review of the allegations of the complaint was improper.

Accordingly, the order of the Superior Court is reversed and the trial court's order is reinstated.

MONTEMURO, J., who was sitting by designation, did not participate in the decision of this case.

NIX, C.J., and CASTILLE, J., file dissenting opinions.

NIX, Chief Justice, dissenting.

Because I too agree with Mr. Justice Castille that the plaintiff in the instant matter has alleged sufficient facts in her complaint to state a cause of action grounded in a breach of a bailment contract, I must dissent. However, I must disassociate myself from that portion of Mr. Justice Castille's dissenting opinion which characterizes the majority's decision as creating a new cause of action, that of veterinary malpractice.

Although it may be technically incorrect to refer to a cause of action against a veterinarian as malpractice, the majority correctly states that a cause of action can be based upon the negligent acts or omissions of a veterinarian in the performance of his professional duties. *See, e.g., Durkin v. Equine Clinics,* Inc., 313 Pa.Super. 75, 459 A.2d 417 (1983). In order to state a cause of action premised on the negligent acts of a veterinarian, a plaintiff must plead (1) the existence of a legal duty; (2) a breach of that duty, *i.e,* the failure to exercise the appropriate standard of care; (3) causation; and (4) damages. *See, e.g., Morena v. South Hills Health Sys.,* 501 Pa. 634, 642 n. 5, 462 A.2d 680, 684 n. 5 (1983).

Despite agreeing with the majority that a plaintiff can properly allege a cause of action grounded in negligence, I take strong exception with the majority's conclusion that a breach of a bailment is not a proper cause of action against a veterinarian who has performed surgery on an animal when the animal suffers an injury or dies as a result of the surgery.

"A bailment is a delivery of personalty for the accomplishment of some purpose upon a contract, express or implied,

that after the purpose has been fulfilled, it shall be redelivered to the person who delivered it, otherwise dealt with according to his directions or kept until he reclaims it." *Smalich v. Westfall*, 440 Pa. 409, 413, 269 A.2d 476, 480 (1970) (citations omitted). As Mr. Justice Castille correctly stated in his dissenting opinion, "[u]nder Pennsylvania law . . . animals may be the subject of bailments." Dissenting Opinion, at 227.

In the instant matter, the plaintiff alleged that she delivered her English Bulldog to Dr. Brown to correct a medical condition. The following day the dog died. Despite those allegations falling squarely within the majority's own definition of a bailment, the majority refuses to recognize a cause of action grounded in bailment. I cannot agree with such a decision. Instead, I believe that the plaintiff could have properly filed a complaint against the defendant based on *either* breach of a bailment or professional negligence. That being the case, I believe that the decision of the majority is incorrect as the plaintiff alleged a cause of action grounded in bailment, and if proven to the satisfaction of a jury, would result in liability being imposed upon the defendant.

CASTILLE, Justice, dissenting.

The majority here holds that a complaint based upon a breach of bailment agreement is insufficient to state a cause of action against a veterinarian who performs surgical procedures on an animal where the animal suffers an injury or expires as a result of these procedures. Instead, the majority creates a new cause of action, veterinary medical malpractice, and holds that in such situations as here this new cause of action extends to veterinarians who perform surgical or medical procedures on an animal in a negligent manner. Because I believe that bailment theories are adequate to address such situations and that professional medical malpractice concepts should not be extended by this Court to the field of veterinary medicine, I must respectfully dissent.

As noted by the majority, a "bailment" is a delivery of personalty for the accomplishment of some purpose upon a contract, express or implied, that after the purpose has been

fulfilled, the personalty shall be redelivered to the person who delivered it in the same or an agreed to altered form. *Smalich v. Westfall*, 440 Pa. 409, 413, 269 A.2d 476, 480 (1970). Typical bailment agreements involve items of personal property such as automobiles. *See Taylor v. Philadelphia Parking Authority*, 398 Pa. 9, 156 A.2d 525 (1959). The present case concerns delivery of a pet dog to a veterinarian for surgical procedures. Under Pennsylvania law, dogs are recognized as personal property. *See* 3 P.S. § 459.601(a), the Dog Law. Case law within this jurisdiction demonstrates that animals may be the subject of bailments. *See Conn v. Hunsberger*, 224 Pa. 154, 73 A. 324 (1909) (livery-stable keeper who must exercise reasonable care in supplying a horse to a customer has bailor-bailee relationship with the customer); *Middleton v. Stone*, 111 Pa. 589, 4 A. 523 (1886) (delivery of two colts under a contract that they should be safely kept and sold at a certain price by a certain date or else be returned to the bailor resulted in a bailment). Thus, since dogs by statute are personal property in the eyes of the law, they are capable of being the subject of a bailment agreement.

Since dogs are capable of being the subject of a bailment agreement, the bailor (dog owner) bears the ultimate burden of proof in a bailment cause of action. *Toole v. Miller*, 375 Pa. 509, 512, 99 A.2d 897, 898 (1953). As stated in *Schell v. Miller N. Broad Storage Co.*, 142 Pa.Super. 293, 16 A.2d 680 (1940):

> [W]hen the bailor has proved a bailment, a demand and failure to deliver, it then becomes incumbent upon the bailee to go forward with proofs not necessarily showing that he used proper care in handling the bailment but merely showing by clear and satisfactory proof that the goods were lost, and the manner that they were lost. When the bailee has furnished such proof satisfactory to the court and jury and if such proofs do not disclose lack of due care on his part, then the bailor, if he should recover, must prove negligence on the part of the bailee and the bailee's negligence becomes a vital issue.

*Id.* at 301, 16 A.2d at 683–84. I believe that this standard of proof imposes a reasonable burden on veterinarians in situa-

tions involving medical or surgical procedures on animals since a veterinarian will still have to explain the course of treatment for the animal in question and adequately explain why the animal was not returned as per the bailment agreement. Therefore, since an animal is subject to bailment agreements and no undue burden is placed on veterinarians by the bailment cause of action, I believe that bailment theories are adequate to address situations where veterinarians perform medical or surgical procedure on an animal and the animal is not returned in the same condition as when it was delivered.

Like the majority, I recognize that veterinarians are somewhat similar to physicians and surgeons in that they are medically educated individuals who provide a great service to society and that their practice is extensively regulated by the Commonwealth. I, however, do not believe that it follows from these similarities that medical malpractice principles normally applied only to physicians and surgeons who operate on human beings should be extended to veterinarians. Such an expansion is unwarranted because the subject matter of the treatment (humans, as opposed the animals) is vastly different. As the Superior Court in this case aptly noted:

> [N]or do we agree with the trial court that an animal and a veterinarian enjoy the same doctor/patient relationship as do a human being and a physician. A human patient cannot leave his or her liver or heart for treatment and make a subsequent demand for its return.

*Price v. Brown*, 438 Pa.Super. 68, 77, 651 A.2d 548, 552 (1994).

I also believe that medical malpractice principles should not be extended to veterinarians because, unlike medical malpractice actions in physician and surgeon cases, the victim of veterinary malpractice is incapable of bringing a cause of action against the veterinarian. As stated above, dogs are recognized as personal property in Pennsylvania. As personal property, a dog or any other animal, unlike a human being, cannot bring a cause of action against the veterinarian who treated it. Rather, the animal's owner must institute the suit and the owner of the animal is not legally the direct victim of the malpractice.

Moreover, I find it improper for the majority here to create a veterinary medical malpractice cause of action because if such causes of action are to be extended to the owners of animals, be they pets or otherwise, I believe such a mandate should come from the General Assembly and not this Court.

Thus, I believe existing bailment theories provide an adequate and fair remedy to owners who unfortunately lose the faithful companionship of their pet animals or the use and benefit of their working animals from injuries or death suffered as a result of medical or surgical procedures performed by veterinarians. Accordingly, I cannot join the majority in extending professional medical negligence concepts, which have customarily been applied to physicians and surgeons, to veterinarians.

For the reasons set forth above, I would allow appellee to proceed against appellant at this juncture for the loss of her dog under a bailment theory. Therefore, I must respectfully dissent.