Scott and Joan **BARIBAULT**, Appellants,

v.

**PEOPLES BANK OF OXFORD**
**and Carl Fretz, Appellees.**

Superior Court of Pennsylvania.

Argued March 3, 1998.
Filed July 2, 1998.

Jeremy T. Ross, Havertown, for appellant.

Timothy F. Rayne, West Chester, for appellees.

Before EAKIN, STEVENS and HOFFMAN *, JJ.

STEVENS, Judge:

This is an appeal from the order of the Court of Common Pleas of Chester County sustaining a demurrer made against Appellants' complaint which alleged that Appellees were liable under the Restatement (Second) of Torts § 551 for material nondisclosure. We affirm.

* Judge Hoffman did not participate on this deci-

Appellants, Scott and Joan Baribault, and Appellees, The Peoples Bank of Oxford ("bank") and Carl Fretz, the Bank's Chief Executive Officer, entered into a commercial loan, whereby the bank loaned Appellants over one million dollars to subdivide and develop "Jackson Farm." Appellants alleged in their Complaint that during the application process Fretz recommended Concord Land Planners ("Concord") as most competent to develop Jackson Farm for Appellants. Fretz did not disclose the fact, however, that he was an indirect shareholder of Concord.

During the next two years, Appellants worked with Concord in developing Jackson Farm and kept Fretz apprised of the progress made. Fretz, meanwhile, in December, 1991, sold his interest in Concord allegedly because Concord had amassed a poor record of servicing its clients in a proper and timely manner. However, Fretz never informed Appellants of Concord's failings despite knowing that time was of the essence in the development of the Jackson Farm. Indeed, a scheduled change in the Lancaster County Land Use Ordinance required Appellants to submit certain development proposals before 1992 or lose the opportunity to subdivide Jackson Farm. When Concord failed to submit timely development plans, Appellants were precluded from developing Jackson Farm. Appellants allege that Concord's delay has cost them approximately one million seven hundred thousand dollars due to the diminished value of the Jackson Farm under the new Lancaster County Land Use ordinance.

Appellants' Complaint contained one count and sought recovery for Appellees' failure to disclose their knowledge of Concord's troubles. Appellees demurred, arguing that the basis for Appellants' claim, the Restatement (Second) of Torts § 551, does not contemplate the nondisclosure at issue. Specifically, Appellees argued that because the parties consummated the transaction at the time of the loan disbursement, and because the nondisclosure was not integral to Appellants' decision to receive the loan, Section 551 offered Appellants no recourse. The lower

sion.

court agreed, and sustained the demurrer. This timely appeal followed.

Assuming, *arguendo*, that Section 551 offers Appellants a potential basis for recovery, we nonetheless conclude that Appellants fail to satisfy the elements of Section 551. We find that Section 551 addresses the duties of parties who are bargaining but have yet to contract, and, therefore, we agree with the lower court that Section 551 did not place an obligation on Appellees to disclose any information to Appellants after the bank distributed the loan proceeds.

Appellants' sole contention on appeal is that the lower court erred in sustaining the demurrer since, during the period in which Appellants were repaying the loan, Appellee Fretz disclosed neither his discovery that Concord was earning a reputation for untimely work nor his eventual divestiture from Concord.[1] Had Fretz so disclosed, which, according to Appellants, was his duty, Appellants assert that they would have sought a different developer to help them subdivide Jackson Farm so as to meet the Planning Commission's deadline.

■ When reviewing a challenge made on appeal to the sustaining of a preliminary objection in the form of a demurrer, an appellate court admits as true all of the complaint's material facts and all reasonable inferences made therefrom. *Price v. Brown*, 545 Pa. 216, 680 A.2d 1149 (1996). An objection by demurrer, therefore, contends that the complaint avers facts which undoubtedly offer no possible recovery. *Id.* Accordingly, any doubt regarding the demurrer should be resolved in favor of overruling it. *Id.* We must, therefore, examine Appellants' cause of action based on negligent nondisclosure as discussed in the Restatement (Second) of Torts § 551 to determine whether prelimi-

nary objections were properly sustained by the lower court.

Restatement (Second) of Torts § 551 states in relevant part:

One party to a business transaction is under a duty to exercise reasonable care to disclose to the other **before the transaction is consummated** ... subsequently acquired information that he knows will make untrue or misleading a previous representation that when made was true ·or believed to be so. ...

Restatement (Second) of Torts § 551(2), (c) (emphasis added). The purpose behind the Restatement is to prevent deceptive inducement to contract. It recognizes that each party to a transaction relies on the other party's representations made before the transaction is consummated. Compliance with the Restatement, therefore, requires that one must disclose the falsity of an earlier material representation lest he induce the other into a transaction based upon that false representation. Thus, it is crucial in reviewing for noncompliance with the Restatement to determine when a transaction is "consummated," in that any statement made after consummation cannot be said to have induced a party to transact.

■ The crux of the parties' disagreement involves when the loan transaction between them was consummated for purposes of Restatement (Second) Torts § 551. Appellants contend that a commercial loan transaction is not consummated until the borrower repays the entire repayment obligation but Appellees argue that a loan transaction is consummated when the parties end negotiations and the bank issues a loan to the borrowers. Reviewing both caselaw and the purposes of Section 551, we conclude that as between

---

1. While Appellants averred in their Complaint that Appellee Fretz failed to disclose during the loan application that he was an indirect shareholder of Concord, Appellants never averred that Appellee Fretz owed a duty to so disclose or that this particular nondisclosure led to Appellants' detrimental reliance. Because Appellants failed to argue on appeal that such nondisclosure was a basis for its claim, we will not consider it as a basis for relief. *See* Pa.R.A.P. 2119(a); *Commonwealth v. Rivera*, 454 Pa.Super. 451, 685 A.2d 1011 (1996) (undeveloped arguments will not be

considered); *Estate of Laskatosh*, 441 Pa.Super. 133, 656 A.2d 1378 (1995)(failure to elaborate on mere assertion in brief results in waiver); *Commonwealth v. Donahue*, 428 Pa.Super. 259, 630 A.2d 1238 (1993) (an appellant must provide reviewing court with sufficient facts to provide a basis for it to conclude that allegation has merit; mere assertion will not be considered). Therefore, we decide this appeal solely on the issue of whether the lower court correctly ruled that Appellee Fretz owed no duty of disclosure after the bank tendered the loan to Appellants.

Appellants and Appellees, the loan was consummated at the time Appellants received the loan from the bank.

While neither party has cited precedent indicating when a loan transaction is consummated, a number of cases identify consummation as that moment when the lender issues the loan proceeds. *See e.g. First Mortgage Company of Pennsylvania v. Carter*, 306 Pa.Super. 498, 452 A.2d 835, 836–838 (1982) (referring to a loan as "consummated" and concluding that the loan was "fully executed" when "final settlement was held, the proceeds of the loan were advanced and distributed, and executed security documents were delivered...."); *Commonwealth v. Powell*, 205 Pa.Super. 439, 211 A.2d 70, 71 (1965)(describing a loan to be consummated when the lending institution issued loan proceeds).

The reasoning in the cited cases comports with the underlying principles of Section 551. The significance of negligent misrepresentations and nondisclosures is that they prevent informed bargaining, which in turn may lead to detrimental reliance should the parties transact. Such a transaction, however, is the culmination of bargaining. Thus, it is clear that in the context of commercial lending, the terms for which the parties bargain are set once the loan proceeds are distributed, and subsequent actions by the parties are beyond the scope of Section 551. Repayment is a set obligation according to the terms of the bargained-for execution of the loan. Therefore, we conclude that for purposes of Restatement (Second) Torts § 551, the parties consummated their loan transaction at the time Appellee People's Bank of Oxford distributed the loan proceeds to Appellants.

Finding that Appellants have failed to satisfy an essential element in its sole cause of action, we hold that the lower court properly sustained the demurrer against Appellants' complaint. Appellee Fretz's alleged nondisclosure regarding Concord's business woes occurred after the consummation of the transaction between the parties, and, thus, Section 551 imposed no duty on Appellees to apprise Appellants of this information. Accordingly, we affirm.

Affirmed.