Raymond Riggs, Jr. et al., Petitioners *v.* Commonwealth of Pennsylvania, Department of Transportation, Respondent.

Argued September 11, 1980, before Judges BLATT, CRAIG and MACPHAIL, sitting as a panel of three.

*Jonathan K. Walters, Kirschner, Walters & Willig,* for petitioners.

*Paul A. Logan,* Assistant Attorney General, with him, *Robert W. Cunliffe,* Deputy Attorney General, for respondent.

OPINION BY JUDGE MACPHAIL, December 22, 1980:

Raymond Riggs, Jr., Patrick H. O'Connor, John Kubinsky, and J. A. Hayes (Petitioners) have filed this appeal from an order of the Board of Claims dismissing Petitioners' claim against the Commonwealth of Pennsylvania, Department of Transportation (DOT).

Petitioners are employed by DOT as auto mechanics. As a condition of employment, each mechanic is required to maintain a full and complete set of mechanic's tools. These tools are very heavy and are stored at the garage, in individual locked boxes, after working hours and on weekends. On October 7, 1978, the garage was broken into and Petitioners' tools were taken. The tools were quite valuable and the aggregate loss to Petitioners was approximately $10,000.

Petitioners sought reimbursement for their loss from DOT pursuant to the collective bargaining agreement between DOT and the union that represents Petitioners. DOT denied liability and a grievance procedure was commenced, which proceeded to arbi-

tration. The arbitrator found that the collective bargaining agreement imposed no duty on DOT to pay for the stolen tools. Indeed, DOT had specifically refused to accept such a provision during the latest contract negotiations with the union. Therefore, Petitioners' grievance was denied. Apparently no appeal has been taken from the arbitrator's decision.

Petitioners sent a letter, dated April 20, 1979, which they characterized as a "fiscal claim," to the Board of Claims (Board). This letter alleged a bailor-bailee relationship between Petitioners and DOT as to the stolen tools and sought recovery on that basis.

In spite of the complete failure by Petitioners to follow the mandates of Section 6 of the Act of May 20, 1937, P.L. 728, *as amended,* 72 P.S. §4651-6 (Act),[1] the Board filed an opinion on the merits of the claim, and an order dismissing the claim, on July 17, 1979. The Board did not conduct a hearing on this claim.

Several issues have been presented for our review, but since we find that a hearing was required in this case, we will limit our opinion to that issue.

The powers of the Board were expanded by the Act of October 5, 1978, P.L. 1104, to include claims formerly processed under The Fiscal Code, Act of April 9, 1929, P.L. 343, *as amended,* 72 P.S. §1 et seq. The question presented herein, and apparently of first impression is whether the Legislature intended the procedures of Section 6 of the Act of 1937, 72 P.S. §4651-6, to apply in those claims filed subsequent to the expansion of the Board's powers and formerly

---

[1] Section 6 provides inter alia for the form of the complaint, copies to be sent to the department involved and a filing fee. Section 6 also describes the procedure to be followed once the pleadings are filed and the matter is at issue; a hearing is mandatory thereunder. 72 P.S. §4651-6.

covered by Sections 1001 through 1004 of The Fiscal Code, 72 P.S. §§1001-1004.[2]

DOT contends that the expansion of the Board's powers to include claims previously presented to the Auditor General and the State Treasurer was merely a change of personnel and not of procedure. DOT argues that the Act of October 5, 1978 incorporates Article X of The Fiscal Code, 72 P.S. §§1001-1004, and, therefore, the procedures thereof apply herein.

This argument must fail for two reasons. First, if DOT is correct, the procedure for such claims would be as follows: (1) a decision by the Board with or without a hearing (a hearing is not mandatory), 72 P.S. §1003; (2) possibly an application for resettlement, 72 P.S. §1102; (3) an appeal to the Board of Finance and Review from either the settlement or resettlement at which step a hearing would be convened, 72 P.S. §1103; and (4) appeal to this Court, 72 P.S. §1104. *See, Northwestern National Bank v. Commonwealth,* 345 Pa. 192, 27 A.2d 20 (1942).

We find it difficult to imagine that the Legislature intended such a tortuous procedure. Indeed, the Sections of The Fiscal Code cited above have all been repealed by the Act of October 5, 1978 insofar as they are inconsistent therewith. We perceive this procedural pattern to be inconsistent with the transfer of claims formerly handled under Section 1003 of The Fiscal Code to the Board and, therefore, repealed.

Second, DOT ignores the clear guidance to be found in Section 1953 of the Statutory Construction Act of 1972, which provides as follows:

Whenever a section or part of a statute is amended, the amendment shall be construed as

---

[2] These sections provide for the Auditor General and the State Treasurer to adjust and settle claims against the Commonwealth.

merging into the original statute, become a part thereof, and replace the part amended, and the remainder of the original statute and the amendment shall be read together and viewed as one statute passed at one time; but the portions of the statute which were not altered by the amendment shall be construed as effective from the time of their original enactment, and the new provisions shall be construed as effective only from the date when the amendment became effective.

1 Pa. C. S. §1953.

Clearly if Section 6 of the Act is read as having been passed at the same time as the amended Section 4, there can be no doubt that the procedures prescribed therein apply to the instant case.

DOT argues that the Petitioners' failure to follow the mandates of the very section whose protection they now seek should preclude them from obtaining a hearing. While we do express our disapproval of Petitioners' inexplicable failure to follow the clear mandates of Section 6 of the Act, we note that the Board nonetheless ruled on the defective claim. Because the Board assumed jurisdiction, decided the case on its merits and chose not to impose sanctions on Petitioners for the sorry state of their claim[3] and because of the obvious confusion on the part of all concerned herein as to the proper procedures to be followed, we deem it necessary to remand this matter for a hearing before the Board. We direct Petitioners to amend their claim to conform with Section

---

[3] The Board's opinion notes these findings, but decides the claim on the merits. We are particularly distressed by the fact that DOT evidently had no notice of Petitioners' claim to the Board. We cannot condone Petitioners' failure to provide this most basic of procedural requirements.

6 of the Act and further direct that the mandates of that Section be followed by the Board.[4]

## ORDER

AND Now, this 22nd day of December, 1980, the order of the Board of Claims dismissing the claim of Raymond Riggs, Jr., Patrick H. O'Connor, John Kubinsky and J. A. Hayes, is hereby vacated and this case is remanded to the Board of Claims for proceedings consistent with this opinion.

[4] We are mindful that the instant claim was filed beyond the six month limitation period applicable to claims before the Board. DOT withdrew a challenge based on the timeliness of the claim at oral argument. We believe there was good reason to do so. See, The General State Authority v. Loffredo, 16 Pa. Commonwealth Ct. 237, 328 A.2d 886 (1974).