Raymond Riggs, Jr. et al., Petitioners *v.* Commonwealth of Pennsylvania, Department of Transportation, Respondent.

Argued April 7, 1983, before Judges BLATT, CRAIG and DOYLE, sitting as a panel of three.

*Leo Jackson,* with him *Jonathan K. Walters, Kirschner, Walters, Willig, Weinberg & Dempsey,* for petitioners.

*Michael D. Reed,* Assistant Counsel, with him *Ward T. Williams,* Chief Counsel, and *Jay C. Waldman,* General Counsel, for respondent.

OPINION BY JUDGE DOYLE, August 9, 1983:

Petitioners appeal an order of the Board of Claims (Board) which denied petitioners' claim against their employer, the Department of Transportation (DOT), for the value of work tools stolen from a DOT garage. We affirm.

Petitioners are mechanics for DOT and are stationed at the Christy Park garage, McKeesport, Pennsylvania.[1] As a condition of their employment, they were each required to supply their own set of work

---

[1] Petitioners are Raymond Riggs, Jr., Patrick H. O'Connor, John Kubinsky, and J. A. Hayes.

tools, which, for their own convenience, they stored at the garage in their own locked cabinets. Sometime during the weekend of October 7, 1978, an unknown person broke into the garage and made off with the petitioners' tools.

Petitioners filed a letter with the Board of Claims seeking compensation from DOT for the stolen tools, and on July 17, 1979, the Board dismissed the claim without a hearing. The matter was appealed to this Court and remanded to the Board for a hearing.[2] On April 22, 1982, the Board again dismissed petitioners' claim which prompted the present appeal.

The Commonwealth Court's scope of review in such matters is limited; we must affirm the order of the Board unless we find that it is not in accordance with law or that there is not substantial evidence to support the findings of fact. *State Highway and Bridge Authority v. E. J. Albrecht Co.*, 48 Pa. Commonwealth Ct. 491, 409 A.2d 1202 (1980).

Three of the petitioners, Riggs, Kubinsky and O'Connor, were included in a collective bargaining agreement entered into between DOT and Council 13 of the American Federation of State, County and Municipal Employees, under which all disputes arising from the terms and conditions of their employment were to be submitted to a grievance procedure. Initially, the petitioners followed this procedure and submitted their claim for compensation to binding arbitration.[3] On April 2, 1979 Arbitrator William C. Stonehouse, Jr. found that the petitioners had no right to compensation under the terms of their employment contract, and denied their claim. The Board

---

[2] *Riggs v. Department of Transportation*, 55 Pa. Commonwealth Ct. 526, 423 A.2d 812 (1980).

[3] As mandated by Section 903 of the Public Employe Relations Act, Act of July 23, 1970, P.L. 563, *as amended*, 43 P.S. §1101.903.

of Claims took note of this action and, concluding that it had no authority to review the arbitrator's decision,[4] denied the claim.

Petitioners do not now question the validity of the arbitrator's decision as to their rights under the collective bargaining agreement.[5] Rather, they assert a separate, implied contract of bailment under which DOT was responsible for the safety of tools left on its property. Petitioners allege that the Board erred in not allowing recovery on this separate theory. The fourth petitioner, Hayes, who was not subject to the collective bargaining agreement, joined in petitioners' claim with the Board and in their present appeal to this Court.[6]

To constitute bailment, there must be a delivery of personal property to another, who accepts possession of the property, and exercises custody and control over it. *Sparrow v. Airport Parking Co. of America,* 221 Pa. Superior Ct. 32, 289 A.2d 87 (1972). While a contract of bailment may be implied, such contract can

---

[4] Although the Board based its decision on the terms of the collective bargaining agreement itself, we note that the Board had no jurisdiction to review the decision of the arbitrator. Section 763(b) of the Judicial Code states, in pertinent part:

(b) Awards of Arbitrators. — The Commonwealth Court shall have exclusive jurisdiction of all petitions for review of an award of arbitrators appointed in conformity with statute to arbitrate a dispute between the Commonwealth and an employee of the Commonwealth.

42 P.C.S. §763(b).

[5] Petitioners have not requested that this Court review the decision of the arbitrator.

[6] Hayes was a supervisor represented by Council 13 pursuant to a separate "memorandum of understanding." He was not required, nor did he submit a claim to arbitration. Although the Board of Claims had jurisdiction to consider Hayes' express contractual rights under the memorandum, this document was not produced or made part of the record, and Hayes limited his claim to one of implied bailment.

arise only when the natural and just interpretation of the acts of the parties warrants such a conclusion. *Id.*

Evidence produced at the hearing before the Board indicated that DOT neither required nor encouraged its employees to leave their tools in the garage. Further, DOT did nothing to provide for this practice; the employees furnished their own cabinets and locks. No evidence suggested that DOT accepted or exercised custody or control over the tools; on the contrary, the existence of the locked cabinets suggests that DOT would have been prevented from doing so. On the basis of such evidence, the Board was correct in concluding that there was no implied contract of bailment between DOT and the petitioners. The order of the Board of Claims is affirmed.

### Order

Now, August 9, 1983, the order of the Board of Claims in the above mentioned matter, dated April 22, 1982, is hereby affirmed.