**LEAR INC., Appellee,**

v.

**Roger EDDY, Appellant.**

Superior Court of Pennsylvania.

Submitted Dec. 13, 1999.

Filed March 30, 2000.

---

1. In *Chew,* the Commonwealth was required to prove that the defendant had committed an assault while in prison.

Peter E. Horne, New Castle, for appellant.

Matthew T. Mangino, New Castle, for appellee.

Before POPOVICH, ORIE MELVIN and HESTER, JJ.

POPOVICH, J.:

¶ 1 This is an appeal from the order entered in the Court of Common Pleas of Lawrence County on June 29, 1998, that granted appellee's motion for a directed verdict against appellant. The trial court denied appellant's post-trial motions, and this timely appeal ensued. Upon review, we reverse the order of the trial court and remand for a new trial. Herein, appellant asks the following:

Whether the trial court erred in granting Appellee's motion for a directed ver-

dict on the basis that Appellant failed to produce sufficient evidence to establish that a bailment existed between the parties hereto?

Appellant's brief, at iv.

¶ 2 When reviewing a motion for a directed verdict, our scope of review is limited to determining whether the trial court abused its discretion or committed an error of law that controlled the outcome of the case. *Perkins v. Desipio*, 736 A.2d 608, 609 (Pa.Super.1999)(citing *Childers v. Power Line Equipment Rentals, Inc.*, 452 Pa.Super. 94, 681 A.2d 201 (1996), *appeal denied*, 547 Pa. 735, 690 A.2d 236 (1997)). "A directed verdict may be granted only where the facts are clear and there is no room for doubt." *Id.* (citations omitted). "In deciding whether to grant a motion for a directed verdict, the trial court must consider the facts in the light most favorable to the nonmoving party and must accept as true all evidence which supports that party's contention and reject all adverse testimony." *Id.* (citations omitted).

¶ 3 The record reveals the following: On July 31, 1995, appellant contacted appellee [1] concerning the transportation of equipment used by appellant in the plastic industry. Appellee inspected the equipment and the parties orally agreed that the equipment would be transported by appellee in two separate shipments. Originally, both shipments were to be delivered to Ellwood City. However, after appellee delivered the first shipment, appellant instructed that the second shipment was to be sent to Canonsburg, and appellee adjusted the price accordingly. Appellant did not specify an exact destination within Canonsburg for the second shipment. Instead, appellant asked appellee to store his equipment on appellee's premises until appellant determined a destination for the equipment. Appellant informed appellee that he would determine the location within three or four days.

¶ 4 Appellant was unable to determine a destination for the second shipment, and he never provided appellee with any further instructions concerning the equipment. Appellee eventually began assessing storage fees for appellant's equipment. On April 8, 1996, appellee filed a complaint against appellant for the cost of transportation, loading and storage of appellant's equipment in the second shipment. Near the time that the complaint was filed, appellant viewed his equipment upon the premises of appellee and considered the equipment demolished and useless. Appellant filed a counterclaim based on breach of a bailment agreement due to the damage suffered by the equipment in the second shipment. A jury trial commenced on July 9, 1997, and the trial court granted appellee's motion for a directed verdict against appellant as to appellant's counterclaim.

¶ 5 We now address appellant's argument that he set forth sufficient evidence to present a viable claim that a bailment existed between the parties. "A bailment is a delivery of personalty for the accomplishment of some purpose upon a contract, express or implied, that after the purpose has been fulfilled, it shall be redelivered to the person who delivered it, otherwise dealt with it according to his directions or kept until he reclaims it." *Price v. Brown*, 545 Pa. 216, 221, 680 A.2d 1149, 1151–52 (1996) (citation omitted). "While a contract of bailment may be implied, such a contract can arise only when the natural and just interpretation of the acts of the parties warrants such a conclusion." *Riggs v. Commonwealth, Dept. of Transp.*, 76 Pa.Cmwlth. 227, 463 A.2d 1219, 1220–21 (1983)(citing *Sparrow v. Airport Parking Co. of America*, 221 Pa.Super. 32, 289 A.2d 87 (1972)). The standard of care required of either the bailor or bailee depends upon the type of bailment

1. Appellee is in the business of renting and moving equipment as well as erecting steel for metal buildings.

involved. *Ferrick Excavating and Grading Co. v. Senger Trucking Co.*, 506 Pa. 181, 192–193, 484 A.2d 744, 750 (1984). Where the allegations of a bailment indicate a bailment for mutual benefit, the bailee is required to exercise ordinary diligence and is responsible for ordinary neglect. *Price*, 680 A.2d at 1152 n. 2.

¶ 6 Although the record indicates that appellee did not normally store equipment and assume the role of bailee, the "natural and just interpretation" of the parties' conduct indicates the existence of an implied contract for bailment. *See Riggs, supra.* Initially, the agreement between the parties only contemplated the transport of appellant's equipment. After the first shipment was completed, the parties altered their agreement by changing the destination of the second shipment. Moreover, appellee accepted custody of the second shipment and agreed to store the second shipment upon its premises until appellant instructed appellee where to send it. Clearly, appellee's acceptance of the second shipment evidenced "a delivery of personalty for the accomplishment of some purpose upon a[n] [implied] contract." *Price*, 680 A.2d at 1151–52. The "purpose" to be accomplished was the finding of a specific destination for the second shipment in Canonsburg. After the purpose was to be fulfilled, appellee agreed to otherwise deal with the second shipment according to appellant's directions by shipping appellant's equipment to Canonsburg. *See Id.*

¶ 7 In addition, we view the following behavior of appellee indicative of a bailor-bailee relationship. During appellant's delay in providing instructions, the second shipment remained secured upon appellee's premises. Appellee made efforts to protect the second shipment from the elements and began assessing storage fees

upon appellant. In fact, this case stems from appellant's complaint seeking, among other things, storage fees from appellant. Therefore, we find that appellant presented a viable claim for the existence of a bailment, and the trial court erred in removing said claim from the jury's consideration.[2]

¶ 8 We reject the trial court's reasoning that appellant failed to establish the elements of a bailment since appellant never demanded the return of his equipment. The trial court's reasoning overlooks the very terms of the parties' agreement. Pursuant to the agreement, appellant was never going to demand the return of his equipment, but rather appellant was going to inform appellee where to deliver the equipment. As stated in *Price, supra*, the personalty shall be redelivered to the person who originally delivered it *or* dealt with according to his directions *or* kept until he reclaims it. *Price*, 680 A.2d at 1151–52.

¶ 9 Furthermore, we reject the trial court's conclusion that appellant failed to present a viable claim for a breach of a bailment agreement. The trial court supports this finding by citing to the portion of *Price, supra*, that held that "a cause of action for breach of a bailment agreement arises if the bailor can establish that personalty has been delivered to the bailee, a demand for return of the bailed goods has been made, and the bailee has failed to return the personalty." *Price*, 680 A.2d at 1152. Assuming that a bailment agreement existed, we do not view this language as denying causes of action for a breach of a bailment agreement to bailors in appellant's situation. Herein, appellant ascertained, prior to the fulfillment of the purpose set forth in the bailment agreement, that the equipment entrusted to appel-

---

**2.** In addition, we reject appellee's argument that appellant's appeal should be dismissed pursuant to Pennsylvania Rule of Appellate Procedure 2188. We failed to recognize any undue prejudice suffered by appellant, and we were able to engage in meaningful appellate review of the issues raised. *See* Pa.R.A.P. 105(a)("These rules shall be liberally construed to secure the just, speedy and inexpensive determination of every matter to which they are applicable").

lee/bailee was irreparably damaged while in appellee's/bailee's custody. Hence, appellant could never receive, upon demand, the exact items (i.e. working industrial equipment) he entrusted to appellee/bailee. Instead of demanding for his damaged equipment to be returned, appellant's claim for damages served as a demand for the return of the equipment's value prior to the damage. We fail to recognize the soundness in requiring appellant to demand for the return of worthless equipment. Moreover, the trial court's reasoning fails to recognize the level of care owed by the parties pursuant to a bailment agreement. *See Price*, 680 A.2d at 1152 n. 2 (bailments for mutual benefit require the bailee to exercise ordinary diligence and to be responsible for ordinary neglect).

¶ 10 For the foregoing reasons, we reverse and remand for a new trial.

¶ 11 Reversed and remanded for new trial. Jurisdiction relinquished.