J-A18013-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| AMERICAN ROCK SALT COMPANY, LLC | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | No. 1681 WDA 2018 |
| WOODLAND EQUIPMENT & SUPPLY CO. | : | |

Appeal from the Order Entered November 7, 2018
In the Court of Common Pleas of Clearfield County Civil Division at
No(s):  2014-1717-CD

BEFORE:  BOWES, J., NICHOLS, J., and MUSMANNO, J.

MEMORANDUM BY BOWES, J.:                    **FILED JANUARY 31, 2020**

American Rock Salt Company, LLC ("ARSC") appeals from the order that granted summary judgment for defendant Woodland Equipment & Supply Co. ("WESCO") and dismissed ARSC's complaint.  We affirm in part, reverse in part, and remand for proceedings.

ARSC produces salt that it sells from stockpiles at various locations. ARSC contracted with WESCO to operate stockpiles in York, Pennsylvania; Cresson, Pennsylvania; and Hampton Corners, New York.  ARSC paid WESCO handling fees and/or rent payments for WESCO's efforts.  Additionally, WESCO agreed to purchase certain minimum amounts of salt from ARCO.[1]

---

[1] It appears that some of the agreements ARCO had were with a different entity run by Samuel Lansberry, who owned and/or operated WESCO.  For ease of discussion, we refer to all Lansberry entities as WESCO.

Most relevant to the issues in this appeal, the parties entered into a Salt Handling and Storage Agreement (hereinafter "SHSA") in January 2005 regarding the York stockpile. Under the SHSA, WESCO operated and managed the York stockpile, accepting shipments of rock salt via rail and truck, and shipping out orders per ARSC's instructions. Although the SHSA expired in 2009, WESCO continued to operate the York stockpile until April 2013, when ARSC believed that WESCO's management had resulted in an unaccounted-for loss of a substantial amount of salt from the York stockpile. ARSC informed WESCO that all agreements were null and void and WESCO left the York site. J&K Salvage took over management of the York stockpile in the summer of 2013.[2]

ARSC maintained that WESCO was responsible for a shortfall of salt at the York stockpile, and that it had failed to purchase the required amount of salt from ARSC. Subsequently, ARSC withheld payment of rent and handling fees to WESCO. In August 2014, Samuel Lansberry informed ARSC that it owed WESCO approximately $122,000; that WESCO was willing to take salt remaining at the Cresson site to cover $100,000 of that debt; and that the balance of $22,000 "may be used toward any shortfall at the York stockpile. When the stockpile is zeroed out and the correct inventory number is arrived

---

[2] Joe Darrah, the owner of J&K Salvage, also owned through another entity the property on which the York stockpile was located. For ease of discussion, we refer to all Joe Darrah entities as J&K Salvage.

at, the account will be squared up." ARSC's Response to WESCO's Motion for Partial Summary Judgment, Email, 8/14/13, at Exhibit 4 to Exhibit A (email of 8/14/13). The York stockpile was not zeroed out until January 27, 2014, at which time it was determined that more than 10,000 tons of salt that had been shipped to the York site was missing.

Unable to resolve their differences, ARSC filed a complaint against WESCO to recover the value of the salt missing from the York site and WESCO's minimum-purchase shortfall. Specifically, in an amended complaint, ARSC contended that "[u]nder the SHSA, whether express or implied," WESCO was responsible for shortfalls exceeding 1% at the York site, and stated claims under theories of breach of implied contract (count II) and unjust enrichment (count III).[3] Amended Complaint, 7/29/15, at 4, 7-9. ARSC also stated claims for breach of express contract (count V) and unjust enrichment (count VI) as to the purchase shortfall. *Id*. at 10-12.

In its answer, WESCO denied that there was any inventory shortfall at the York site when it ceased operating that facility in April 2013, and contended that it failed to compensate ARSC for the salt purchase shortfall because ARSC excused WESCO's full performance under the salt purchase agreement. Answer and New Matter, 1/15/16, at 4-7. WESCO also stated

---

[3] ARSC also stated claims of breach of express contract (count I) and conversion (count IV) that did not survive preliminary objections. ARSC does not challenge on appeal the dismissal of those counts.

counterclaims for breach of implied contract and unjust enrichment as to ARSC's failure to pay rent and handling fees. *Id*. at 19-23.

For the most part, ARSC answered WESCO's counterclaims with general denials and demands for strict proof at trial. *See generally* Answer to New Matter and Counterclaims, 2/11/16. However, ARSC did allege that inventory shortfalls at the York site were revealed prior to January 2014 by surveys conducted in April 2013 and June 2013. *See id*. at ¶¶ 96-98.

During discovery, WESCO sought to obtain by subpoena all documents from J&K Salvage relating to, *inter alia*, the measurement of the salt pile, shipments of ARSC's salt, and amounts of salt sold to third parties. After J&K Salvage failed to respond, WESCO filed a motion for sanctions. The trial court granted the motion, finding that neither ARSC nor J&K Salvage was in possession of any responsive documents and precluding ARSC from offering at trial testimony from any J&K employee or representative. Order, 8/10/18.

On August 31, 2018, ARSC moved for summary judgment, claiming that there was no dispute of material fact and it was entitled to judgment as a matter of law. Specifically, ARSC contended that WESCO acknowledged that there was an inventory shortfall at the York stockpile in April 2013; WESCO agreed to wait until the stockpile was zeroed out to resolve the discrepancy; a shortfall of more than 10,000 tons was established in January 2014 when the inventory was zeroed out; and that WESCO, "as bailee and pursuant to the salt storage contractual relationship between the parties" was liable for

the missing salt. ARSC Motion for Summary Judgment, 8/31/18, at ¶ 32. Consequently, ARSC argued it was entitled to judgment as a matter of law in the amount of $631,540. ARSC also maintained that it was entitled to summary judgment in the amount of $69,069.06 on its claim that WESCO breached the separate agreement to purchase a minimum amount of salt from ARSC. *Id*. at ¶¶ 38-40.

On the same date, WESCO filed a motion for partial summary judgment, alleging that, *inter alia*, ARSC cannot adduce sufficient evidence to prove its claims of breach of implied contract and unjust enrichment (counts II and III), and that WESCO is entitled to judgment on its counterclaims because ARSC did not dispute that it failed to pay rent that was owed and due. WESCO Motion for Summary Judgment, 8/31/18, at 11, 24.

Following briefing and oral argument, the trial court disposed of the motions by order of November 7, 2018. Therein, the trial court denied ARSC's motion and granted WESCO's motion, ordering that ARSC's complaint was dismissed with prejudice, and entering judgment in favor of WESCO for $29,820.96 (rent) and $16,053.38 (transportation and handling costs). This timely appeal followed.

ARSC presents the following questions for our determination, which we have reordered for ease of disposition.

> I. Did the lower court err in granting [WESCO's] motion for summary judgment because the record establishes that there were outstanding genuine issues of material fact that

would have been within the purview of the trier of fact to decide?

II.   Did the lower court erred [*sic*] in determining that [ARSC] was not legally capable of connecting the missing salt to [WESCO's] duty under the contract between parties because said determination should have been within the purview of the trier of fact to decide?

III.  Did the lower court err in determining that [ARSC] is precluded from asserting and waived its claims for "bailment" because the "legal theory" was not pled in the complaint; however such a holding is contrary to law related to fact pleading and [ARSC] properly pled sufficient facts that would have put an opposing party on notice of all potential legal theories surrounding it's [*sic*] claim?

IV.   Did the lower court err in dismissing counts V and VI of [ARSC's] complaint because said determination was not properly before the lower court since it was not raised by any party in their motion for summary judgment and there were genuine issues of material fact that should have been within the purview of the trier of fact to decide?

ARSC's brief at iv (unnecessary capitalization omitted).

We begin with a review of the pertinent legal principles:

Our standard of review on an appeal from the grant of a motion for summary judgment is well-settled. A reviewing court may disturb the order of the trial court only where it is established that the court committed an error of law or abused its discretion. As with all questions of law, our review is plenary.

We view the record in the light most favorable to the non-moving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party. Only where there is no genuine issue as to any material fact and it is clear that the moving party is entitled to a judgment as a matter of law will summary judgment be entered.

Motions for summary judgment necessarily and directly implicate the plaintiff's proof of the elements of its cause of action. Summary judgment is proper if, after the completion of discovery

- 6 -

relevant to the motion, including the production of expert reports, an adverse party who will bear the burden of proof at trial has failed to produce evidence of facts essential to the cause of action or defense which in a jury trial would require the issues to be submitted to a jury. Thus, a record that supports summary judgment will either (1) show the material facts are undisputed or (2) contain insufficient evidence of facts to make out a *prima facie* cause of action or defense and, therefore, there is no issue to be submitted to the jury.

*Mitch v. XTO Energy, Inc.*, 212 A.3d 1135, 1138 (Pa.Super. 2019) (cleaned up).

As ARSC argues its first three questions collectively for the most part, we likewise address them together. ARSC contends that the trial court erred in holding that it did not plead and produce evidence to establish that WESCO was legally responsible under a bailment theory for the missing salt under the law of contracts and bailment. Accordingly, we review the elements of the claims advocated by ARSC.

To prevail on a breach of contract action, a plaintiff must prove "(1) the existence of a contract, including its essential terms, (2) a breach of the contract; and, (3) resultant damages." *412 N. Front St. Associates, LP v. Spector Gadon & Rosen, P.C.*, 151 A.3d 646, 657 (Pa.Super. 2016) (internal quotation marks omitted). A bailment is a specific type of contractual agreement involving "a delivery of personalty for the accomplishment of some purpose upon a contract, express or implied, that after the purpose has been fulfilled, it shall be redelivered to the person who delivered it, otherwise dealt

with it according to his directions or kept until he reclaims it." ***Lear Inc. v. Eddy***, 749 A.2d 971, 973 (Pa.Super. 2000).

To succeed under either of these theories as to the inventory shortfall at the York stockpile, ARSC necessarily would have to produce evidence to allow a fact-finder to conclude that WESCO received salt from ARSC that it failed to return to ARSC when their relationship concluded. Stated differently, absent evidence that salt was missing from the York stockpile at the time WESCO ceased management of the site and returned control of it to ARSC, ARSC would be unable to establish an element of its cause of action, regardless of the theory at issue.

In responding to WESCO's motion for summary judgment, ARSC admitted that it did not know when or how the salt went missing from the York stockpile, or the amount of salt that WESCO relinquished to ARSC when it vacated the premises. ***See***, ***e.g.***, ARSC's Response to WESCO's Motion for Partial Summary Judgment, 10/1/18, at ¶ 67. Nonetheless, it maintained that the shortfall occurred while salt remained in WESCO's exclusive custody and control, that the discrepancy was the reason ARSC terminated its arrangement with WESCO, that WESCO admitted that salt was missing in April 2013 when WESCO turned operations over to J&K Salvage, and that WESCO agreed that it would compensate ARSC for the shortfall after the pile was zeroed out. ***See id***.

The only evidence ARSC cites to support its claim is an August 14, 2013 email sent by WESCO's Samuel Lansberry, and his deposition testimony.[4] ARSC's brief at 13. In both, Mr. Lansberry indicated that WESCO would be accountable for "any" shortfall or loss when the quantity of salt remaining at the York site was established by the zeroing-out procedure. ARSC's Response to WESCO's Motion for Partial Summary Judgment, 10/1/18, at Exhibit 4 to Exhibit A (email of 8/14/13); Deposition of Sam Lansberry, 10/1/18, at 94 ("It was the intent of WESCO to pay for any loss when we had all the correct numbers.").

ARSC contends that the email is proof of a shortfall. We disagree. For the reasons that follow, we conclude that this evidence is insufficient to allow a fact-finder to conclude that it is more likely than not that the salt was missing during the time WESCO managed the stockpile.

First, Mr. Lansberry's statements are not admissions that there was an inventory shortfall. The use of the term "any shortfall" rather than, for example, "the shortfall," indicates only an acknowledgement of the possibility that a shortfall may exist, not a concession that there was one. Second, the stockpile was not zeroed out as soon as WESCO returned possession of the

_____

[4] To the extent that ARSC alleges that summary judgment was improperly granted because it **pled** facts to support its claim, **see**, **e.g.**, ARSC's brief at 13, 16-17, it is axiomatic that a party may not rest upon its pleadings in opposing summary judgment, but must produce evidence to demonstrate an issue of fact for the fact-finder to resolve. **See**, **e.g.**, **George Stash & Sons v. New Holland Credit Co., LLC**, 905 A.2d 541, 542-43 (Pa.Super. 2006).

salt to ARSC's control, and ARSC directs this Court to no evidence showing how much salt was removed from the site **after** WESCO left. That it was determined in January 2014, nine months after WESCO withdrew from the York site, that 10,479.95 tons of salt was missing, without an accounting of how much salt was actually shipped out after WESCO's departure, simply does not provide any basis for a fact-finder to calculate how much salt WESCO returned to ARCO in April 2013, and, thus, whether any of the salt was lost while WESCO managed the stockpile.

Therefore, under a theory of implied contract generally, or bailment specifically, ARSC failed to come forth with evidence necessary to prove an essential element of its claim. Consequently, there was no basis to submit ARSC's claims regarding the York stockpile to the fact-finder, and summary judgment was properly entered as to those counts. [5] **See**, **e.g.**, **Shepard v. Temple Univ.**, 948 A.2d 852, 856 (Pa.Super. 2008) ("Failure of a non-moving party to adduce sufficient evidence on an issue essential to his case and on

---

[5] ARSC also pled a unjust enrichment as a quasi-contract theory of recovery. See Amended Complaint, 7/29/15, 7-9 (count III). "[T]he elements of unjust enrichment are benefits conferred on one party by the other party, appreciation of such benefits by one party, and acceptance and retention of such benefits under such circumstances that it would be inequitable for one party to retain the benefit without payment of value." **McConaghy v. Bank of New York**, 192 A.3d 1171, 1175 (Pa.Super. 2018) (cleaned up). Although ARSC does not argue on appeal that this count should have survived summary judgment, we note that the claim was properly dismissed for the same reasons as the others: the absence of evidence that WESCO retained any quantity of salt.

which he bears the burden of proof establishes the entitlement of the moving party to judgment as a matter of law.") (internal quotation marks omitted). As such, ARSC's first three issues merit no relief from this Court.

ARSC's remaining issue is that the trial court erred in entering summary judgment in favor of WESCO on counts V and VI of the amended complaint, concerning allegations of a purchase shortfall under a different agreement, when WESCO did not move for summary judgment as to those claims. We agree with ARSC that the trial court erred in so doing.

Summary judgment is appropriate if the "evidentiary record . . . entitles the moving party to judgment as a matter of law." Pa.R.C.P. 1035.2, Note. As our Supreme Court explained concerning a prior version of the summary judgment procedural rule, "[n]othing in this rule intimates that a court may grant summary judgment in favor of a non-moving party." **Bensalem Twp. Sch. Dist. v. Com.**, 544 A.2d 1318, 1320 (Pa. 1988). Further, "no decision of this Court has ever authorized the entry of summary judgment in favor of the non-moving party[.]" **Id**.

WESCO attempts to distinguish the **Bensalem** decision on the grounds that, unlike situations where the opposing party had no notice or opportunity to create the necessary evidentiary record to defeat summary judgment, ARSC had every incentive to put forth the necessary record to support its purchase-shortfall claims here because ARSC itself moved for summary judgment on those claims. **See** WESCO's brief at 43-49. However, WESCO

does not cite a single case in which our Supreme Court or any appellate court upheld a trial court's *sua sponte* grant of summary judgment in favor of a non-moving party. Without authority to support deviation from **Bensalem**'s clear holding that summary judgment in favor of a non-moving party is improper, we decline to do so in this case. Accordingly, we vacate the trial court's order to the extent that it entered summary judgment in favor of WESCO on counts not included in its motion for partial summary judgment.

In sum, the trial court properly dismissed with prejudice counts II and III of ARSC's amended complaint upon granting WESCO's motion for partial summary judgment, and we affirm that part of its order.[6] However, because the court erred in dismissing counts V and VI, which were not subjects of WESCO's motion, we vacate that portion of the order. We therefore affirm the November 7, 2018 order in part, vacate it in part, and remand for further proceedings.

Order affirmed in part and vacated in part. Case remanded for further proceedings. Jurisdiction relinquished.

_____

[6] ARSC does not challenge the trial court's grant of summary judgment in favor of WESCO on its counterclaims for ARSC's failure to pay rent and fees. Accordingly, that portion of the order remains intact.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/31/2020