

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-9-2006

# Fulton v. USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-1209

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Fulton v. USA" (2006). *2006 Decisions.* Paper 603.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/603

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO: 04-1209

DARRELL GEORGE FULTON

Appellant,

v.

UNITED STATES OF AMERICA; J.T. HOLLAND; CAPTAIN;
TREXLER; MIARIANNA; JURY; THE SAFETY OFFICE; R. MARTINEZ;
BARRY EDWARDS; CENTEX-SIMPSON CONSTRUCTION COMPANY;
DESIGN CONSTRUCTION BRANCH; GENERAL SERVICES ADMINISTRATION

Darrell G. Fulton, Appellant

_____

On Appeal From the United States District Court
For the Middle District of Pennsylvania
(D.C. Civ. No. 99-cv-01116)
District Judge: Honorable William J. Nealon

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
August 3, 2006
Before: BARRY, CHAGARES AND COWEN, <u>CIRCUIT</u> <u>JUDGES</u>

(Filed: August 9, 2006)
_____

OPINION
_____

PER CURIAM

    Appellant Darrell George Fulton, who is missing his left leg, appeals the District

Court's rejection of numerous claims against federal and private entities under the Federal

Tort Claims Act (FTCA) 28 U.S.C. §§ 2671-2680, <u>Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971); federal disability laws; and several state laws. Fulton presents a handful of grounds for review, which we summarize as follows:[1] (1) the District Court erred in ruling against him in his FTCA claim against the United States; (2) the District Court denied Fulton due process by failing to allow him to prepare for trial; (3) the District Court erred in denying Fulton's motion for appointment of counsel and request for a jury trial; (4) the District Court erred in dismissing the defendant, "confidential informant," without compelling the other defendants to disclose his name; (5) the District Court erred in dismissing claims against individual federal officials on April 17, 2001; (6) the District Court erred in granting Centex-Simpson Construction Company's (CSCC) motion for summary judgment; and (7) the District Court violated Fulton's due process rights by denying a motion to add Kling-Lindquist as a defendant. For the reasons that follow, we will affirm.

## I. Facts and Procedural History

In 1997, Fulton, an inmate at USP-Allenwood, was disciplined for participating in planning a work stoppage at the prison. Fulton requested that as punishment he be placed in Allenwood's hospital lock-up because the special housing unit (SHU) did not have handicapped equipped showers. The request was denied, and Fulton was placed in the

---

[1] We have reordered and in some instances condensed the arguments compared to how they appear in Fulton's brief.

SHU. For eleven days, Fulton refused to shower because he feared that he might fall. The prison eventually forced him to take a shower, which he did twice without incident by using a non-specialty chair provided by the prison. On March 3, 1997, however, the chair slipped out from under him. Fulton had placed the towel on a metal desk next to the shower, which was located in the SHU cell, instead of using the towel hook located over the shower door. When reaching for the towel, he fell, hitting his head. Although he alleged injury, a medical review found no perceivable wounds.

In 2000, Fulton submitted a second amended complaint against the United States and a number of U.S. employees and agents. He alleged violations of the Fifth and Eighth Amendments, the FTCA, as well as violations of the Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12101 et seq. His amended complaint also named CSCC, the general contractor for the USP-Allenwood construction project. Fulton alleged that CSCC violated the ADA, the Rehabilitation Act (RHA), 29 U.S.C. § 792, et seq., and the Architectural Barriers Act (ABA), 42 U.S.C. §§ 4151, et seq. He also alleged CSCC was liable for intentional and negligent infliction of emotional distress.

The District Court ordered the defendants to respond, and dismissed the complaint against a "confidential informant" because Fulton failed to identify the party within the time ordered. The United States of America, Warden Holland, Captain McLeod, Lieutenant Traxler, Lieutenant Maiorana, Agent Jury, and Administrator Martinez filed a motion for judgment on the pleadings. On April 17, 2001, the District Court granted the

motion in part. It dismissed all of the claims except the FTCA claim against the United States. Defendants Edwards and the GSA separately moved for summary judgment. The District Court granted the motion, finding that Edwards had no personal involvement in the incident and that the GSA did not participate in the penitentiary's construction.[2]

In 2001, CSCC also filed a motion for summary judgment. The District Court instructed Fulton to respond by October 22, 2001. Fulton failed to do so, and filed a motion for an extension of time on October 23. The District Court granted an extension, but warned that if Fulton failed to timely respond by November 9, the claims would be dismissed. Fulton failed to comply, and on November 19, 2001, the District Court dismissed Fulton's claims against CSCC. Fulton eventually filed a response in opposition to the dismissal. The District Court construed the response as a motion for reconsideration, and denied relief. Only the FTCA claim against the United States remained.

A trial was scheduled for December 10, 2002 on the question of whether prison officials were negligent in giving Fulton a chair with "metal bottom U shaped legs" for use in the shower. The District Court found that Fulton's factual allegations were not credible and that the prison officials were not negligent. It also concluded that even assuming that the officials were negligent, their negligence was not the proximate or

---

[2] Defendant Design Construction Branch did not file a responsive pleading, but the District Court dismissed the claims against it for reasons similar to those given in its other orders entered April 17, 2001 and August 14, 2001.

substantial cause of Fulton's injury. Thus, it entered judgment in the defendant's favor. Fulton filed a motion under Federal Rule of Civil Procedure 59(e), which the District Court denied. Fulton then filed this appeal.[3]

## II. Discussion

We address first the District Court's decision finding that the United States was not negligent under the FTCA because the ruling affects some of Fulton's other arguments on appeal.

1.      FCTA Claim Against the United States

We review a District Court's factual determinations for clear error and its legal conclusions de novo. See Goldstein v. Johnson & Johnson, 251 F.3d 433, 441 (3d Cir. 2001). In assessing a claim under the FTCA, we apply the law of the state in which the act or omission occurred. See Gould Elecs. Inc. v. United States, 220 F.3d 169, 179 (3d Cir. 2000). Under Pennsylvania law, to prove negligence, Fulton must show the existence of a legal duty, a breach of that duty, causation, and damages. See Price v. Brown, 680 A.2d 1149, 1154 (Pa. 1996).

The District Court found that under the circumstances, the defendants did not fail to exercise due care in permitting Fulton to take a shower. It further held that Fulton's decision to reach for a towel on the desk and not use an overhead hook substantially contributed to the accident. Under Pennsylvania's comparative negligence statute, 42 Pa.

---

[3] We have jurisdiction pursuant to 28 U.S.C. § 1291.

5

Cons. Stat. Ann. § 7102(a), the District Court found that the prison officials were less than fifty percent at fault and could not be held liable for Fulton's injuries. Fulton argues that the issue should not have been whether he reached for a towel, but whether the United States negligently placed him in the SHU in the first place. Placing Fulton in the SHU did not violate a duty of reasonable care because once a reasonably safe chair was provided for use in the shower, the foreseeable potential danger was eliminated. Further, Fulton provides us with no basis to disagree with the District Court's factual conclusion that the chair was reasonably safe under the circumstances. Even if we assume that not providing a specially-designed shower chair was negligent, we agree with the District Court that Fulton's reaching for the towel while still on the chair was a contributing negligent act, relieving the United States of liability.

Fulton also argues that District Court violated Rule 12(h) by considering defenses raised by the United States which were not raised in its motion for summary judgment. Failure to raise a defense specified under Federal Rule of Civil Procedure 12(h) is waived if not raised as provided in Rule 12(g). See Fed. R. Civ. P. 12(g)-(h). Fulton, however, fails to clarify what defenses he believes were improperly raised. Regardless, the point is moot because his own failure to prove his case was determinative. Accordingly, the District Court properly ruled in favor of the United States.

2.    <u>Inability to Prepare for Trial, Failure to Permit a Jury Trial, and Denial of Counsel</u>

Fulton next argues that he was denied a due process right to a fair trial because the

District Court did not give him sufficient time to prepare for trial. Although Fulton was only given three weeks notice of a trial date, he was long aware that the case could go to trial and had close to three years to prepare. This lengthy period does not amount to a denial of due process. Fulton also argues that the District Court erred in denying his request for a jury trial. The argument fails. Under 28 U.S.C. § 2402, a FTCA complainant is not entitled to a jury trial. See O'Neill v. United States, 411 F.2d 139, 141 (3d Cir. 1969).

Finally, he argues that the District Court improperly denied his request for the appointment of counsel. Fulton requested the appointment of counsel only once during the course of this action. In 1999, he filed an incomplete in forma pauperis (IFP) application and requested counsel. The District Court eventually sent Fulton the proper forms upon which to request IFP status. Instead of returning the forms, Fulton paid the $150 filing fee. The District Court did not err in failing to deny his request when he had not received IFP status. See 28 U.S.C. § 1915(e); see generally Mallard v. U.S. Dist. Court for the S. Dist. of Iowa, 490 U.S. 296 (1989).[4]

3.    Dismissal of Confidential Informant

The District Court dismissed the claims against an unknown "Confidential

---

[4] At trial, it appears that Fulton orally requested counsel on the grounds that he was unprepared for trial. Even assuming that the District Court had granted Fulton IFP status, under the factors laid out in Tabron v. Grace, 6 F.3d 147, 155-58 (3d Cir. 1993), we conclude that his request for counsel would have been denied.

7

Informant" for failure to prosecute and failure to comply with its June 27, 2000 order. We review a dismissal for failure to comply or prosecute for abuse of discretion. See Emerson v. Thiel Coll., 296 F.3d 184, 190 (3d Cir. 2002). In making this determination, we review the factors announced in Poulis v. State Farm Fire and Cas. Co., 747 F.2d 863, 868 (3d Cir. 1984).

A majority of the Poulis factors weigh in favor of dismissal. Fulton was personally responsible for his failure to identify the party. Although he argues that the District Court should have ordered the defendants to disclose the informant's name, the District Court is under no obligation to do so sua sponte, and Fulton did not file a motion requesting such action. The other factors similarly weigh in favor of dismissal. Indeed, the only factor that weighs against dismissal is that Fulton did not act in bad faith. However, this is not sufficient to find an abuse of discretion.

4.      Dismissal of the Federal Defendants

We exercise plenary review over the dismissal of claims under Federal Rule of Civil Procedure 12(c). See Hayes v. Cmty. Gen. Osteopathic Hosp., 940 F.2d 54, 56 (3d Cir. 1991). The District Court correctly dismissed all of the federal defendants with the exception of the United States. First, with respect to Fulton's Fifth and Eighth Amendment claims under Bivens, he did not exhaust his administrative remedies. See 42 U.S.C. § 1997e(a); Nyhuis v. Reno, 204 F.3d 65, 68 (3d Cir. 2000) (requiring exhaustion). He even concedes this point, but argues that a futility exception applies. We

8

rejected this argument in Nyhuis, and adhere to the rule here.  See Nyhuis, 204 F.3d at 71.

Second, in Fulton's response to a motion to dismiss, he concedes that the FTCA applies only to the United States and that the ADA does not establish a cause of action against the United States.  He contends only that the District Court erred in dismissing his intentional and negligent infliction of emotional distress claims against the United States. In Pennsylvania,[5] both intentional and negligent infliction of emotional distress requires a manifestation of physical impairment resulting from the distress.  See Reeves v. Middletown Athletic Ass'n, 866 A.2d 1115, 1122-23 (Pa. Super. Ct. 2004) (intentional); Doe v. Philadelphia Cmty. Health Alternatives AIDS Task Force, 745 A.2d 25, 27-29 (Pa. Super. Ct. 2000) (negligent).  Fulton has not once claimed a direct physical ailment that has resulted from the distress suffered by being placed in the SHU.  His injury from the fall, if any, was not a result of the distress, and is not sufficient to establish liability.

4.    Dismissal of CSCC[6]

Next, Fulton challenges the dismissal of CSCC.  In addressing Fulton's motion for reconsideration, the District Court found all of his claims meritless.  We exercise plenary

_____

[5] In considering common-law claims, we apply the substantive law of the state in which the alleged transgression occurred.  See Richards v. United States, 369 U.S. 1, 9 (1962).

[6] Fulton appears to combine an appeal from the dismissal of the claims against CSCC and the District Court's order granting defendants Edwards' and GSA's motion for summary judgment.  We find no error in the District Court's factual conclusion that Edwards was not employed at USP-Allenwood at the time of the incident and that the GSA was not involved in designing the prison.  Fulton does not argue the contrary. Accordingly, we address more fully only the claims against CSCC.

9

review where the denial was based on the interpretation and application of legal precepts, otherwise we review the decision for abuse of discretion. See United States v. Smith, 445 F.3d 713, 716 (3d Cir. 2006) (citations omitted). Fulton claims CSCC negligently constructed the prison by omitting handicapped accessible showers, violating the ADA, RHA, and ABA. The District Court found all of Fulton's claims barred by United States v. Spearin, 248 U.S. 132 (1918). We agree in part.

Spearin held that a contractor, bound to build a structure according to design specifications, will not be held liable for defects in that design. Id. at 136. Spearin creates an implied warranty that adheres to building contracts with the United States. See Rhone Poulenc Rorer Pharms., Inc. v. Newman Glass Works, 112 F.3d 695, 697-98 (3d Cir. 1997). With respect to Fulton's negligence claim, Spearin insulates CSCC because the contract required design, not performance specification. See id. at 700-01 (McKee, J., dissenting) (discussing the difference between performance and design specification). Fulton provides no evidence that counters the District Court's factual conclusion regarding the type of contract at issue.

However, the issue of whether the Spearin doctrine extends to waive liability for failing to follow expressed statutory duties has not been addressed by this Court. Nor must we do so here because none of Fulton's statutory arguments have merit. See 42 U.S.C. § 12132 (providing that Title II of the ADA does not apply to prisons operated by the federal government); 29 U.S.C. § 794 (requiring receipt of federal assistance in the

10

operation of a program or service); 42 U.S.C. § 4151 et seq. (providing no independent statutory right of action under the ABA, nor providing an implied right of action). Additionally, because CSCC did not design any portion of USP-Allenwood, it cannot be found liable under Title III of the ADA. 42 U.S.C. § 12183(a) (providing liable party must "design and construct facilities"). Accordingly, the District Court properly granted CSCC's motion to dismiss.

6.      The Addition of Kling-Lindquist

After the District Court dismissed all of the FTCA claims against the individual defendants and the claims against CSCC, Fulton moved to amend his complaint to join Kling-Lindquist Partnership as a defendant. The District Court denied the motion. We review the denial of a motion to amend for abuse of discretion. See Lake v. Arnold, 232 F.3d 360, 373 (3d Cir. 2000). A district court shall freely grant leave to amend when justice so requires. See Fed. R. Civ. P. 15(a). Fulton argues that his claims against CSCC should have been brought against Kling-Lindquist because it designed USP-Allenwood. Fulton's statutory arguments suffer from similar defects as they did against CSCC. Although his negligence action would not be barred by Spearin, Fulton cannot recover because he was at least fifty-one percent at fault. See 42 Pa. Cons. Stat. Ann. § 7102(a).[7]

For all of the foregoing reasons, we reject Fulton's arguments on appeal. The District Court's judgment will be affirmed.

---

[7] The Pennsylvania Commonwealth Court held an act amending § 7102(b) unconstitutional, but the decision does not affect the validity of § 7102(a). See DeWeese v. Weaver, 880 A.2d 54 (Pa. Commw. Ct. 2005).