J. A15045/15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| YVONNE HORSEY, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| THE CHESTER COUNTY HOSPITAL, | : | |
| WALEED S. SHALABY, M.D., AND | : | |
| JENNIFER AKINS, M.D., | : | |
| | : | |
| | : | No. 3066 EDA 2014 |

Appeal from the Order Entered September 24, 2014
In the Court of Common Pleas of Chester County
Civil Division No(s).: 2012-11537

BEFORE: BOWES, MUNDY, and FITZGERALD,[*] JJ.

MEMORANDUM BY FITZGERALD, J.:                    **FILED JULY 21, 2015**

Appellant, Yvonne Horsey, appeals from the order entered in the Chester County Court of Common Pleas granting Appellees', The Chester County Hospital, Waleed S. Shalaby, M.D., and Jennifer Akins, M.D.'s, motion for summary judgment. Appellant avers the facts in this case dispense with the need for a medical expert because the doctrine of *res ipsa loquitur* is applicable, therefore, the court erred in granting summary judgment. We affirm.

Appellant filed a complaint on January 10, 2013, asserting a professional liability claim against all Appellees. Appellant's Compl.,

_____

[*] Former Justice specially assigned to the Superior Court.

1/10/13, at ¶ 5. Following Appellant's surgery for an ovarian cyst, the drug

Dilaudid was administered to her "by means of a delivery system referred to

as a PCA[1] system." *Id.* at ¶ 15. Appellant alleges Appellees were

negligent in the following respects:

> a. Failure to properly set up the PCA equipment
>
> b. Failure to properly program the PCA equipment
>
> c. Failure to properly set the PCA equipment controls
>
> d. Failure to use a proper concentration of Dilaudid
>
> e. Failure to adequately monitor the patient
>
> f. Failure to observe the patient
>
> g. Failure to use apnea monitors
>
> h. Failure to check blood pressure
>
> i. Failure to verify PCA settings
>
> j Failure to check the patient's level of pain, alertness, vital signs, rate and quality of respirations or failing to do so with sufficient frequency
>
> k. Failure to properly assess response to verbal or tactile stimulation
>
> l. Failure to check for factors that could increase the risk of respiration depression or hypoxia and failure to employ measures to prevent such consequences

---

[1] PCA is defined as patient controlled analgesia. *Vogelsberger v. Magee-Womens Hosp. of UPMC Health Sys.*, 903 A.2d 540, 545 (Pa. Super. 2006); *see also Stimmler v. Chestnut Hill Hosp.*, 981 A.2d 145, 159 n.15 (Pa. 2009).

> m. Failure to document PCA doses and patient monitoring
>
> n. Failure to order and use a proper dose of Dilaudid
>
> o. Failure to use morphine instead of hydromorphone (Dilaudid)
>
> p. Failure to use standard concentrations and standardizing order forms
>
> q. Failure to use dose error reduction software (DERS)
>
> r. Failure to use or conduct an independent double-check of the PCA programming[2]

*Id.* at ¶ 38(a)-(r).[3]  Appellant averred in the complaint that as a result of Appellees' negligence, Appellant sustained a permanent brain injury.  *Id.* at ¶ 29.

On March 11, 2013, Appellant filed a motion to extend the time to file a certificate of merit.  Appellant averred, *inter alia*, as follows:

> 1. [Appellant] filed her Complaint alleging professional negligence on January 10, 2013.

---

[2] We note Appellees filed preliminary objections to the complaint.  Averment 38(s), *viz.*, "Otherwise acting in a negligent manner," was stricken from the complaint by the court pursuant to ***Connor v. Allegheny Gen. Hosp.***, 461 A.2d 600, 602 n.3 (Pa. 1983).  Order, 8/16/13.

[3] The complaint was filed by Robert E. Slota, Jr., Esq.  He withdraw his appearance on January 14, 2014.  Subsequently, Melissa Ann Iacobucci, Esq., an associate of Mr. Slota, represented Appellant.  Order, 9/24/14, n.1. Steven B. Barrett, Esq., entered his appearance on behalf of Appellant on January 22, 2014.  Ms. Iacobucci withdrew her appearance on July 8, 2014. Current counsel, Norman Perlberger, entered his appearance for Appellant on July 8, 2014.

2. [Appellant] is aware of her duty to file a Certificate of Merit as to [Appellees'] professional negligence in this matter pursuant to Pennsylvania Rules of Civil Procedure 1042.3(a).[4]

\* \* \*

6. Therefore, [Appellant] requests an extension of time of sixty days in which to file a Certificate of Merit as to all [Appellees] pursuant to Pennsylvania Rules of civil Procedure 1042.3(d) which states in pertinent part, "[t]he court, upon good cause shown, shall extend the time for

---

[4] The rule provides:

(a) In any action based upon an allegation that a licensed professional deviated from an acceptable professional standard, the attorney for the plaintiff, or the plaintiff if not represented, shall file with the complaint or within sixty days after the filing of the complaint, a certificate of merit signed by the attorney or party that either

(1) an appropriate licensed professional has supplied a written statement that there exists a reasonable probability that the care, skill or knowledge exercised or exhibited in the treatment, practice or work that is the subject of the complaint, fell outside acceptable professional standards and that such conduct was a cause in bringing about the harm, or

(2) the claim that the defendant deviated from an acceptable professional standard is based solely on allegations that other licensed professionals for whom this defendant is responsible deviated from an acceptable professional standard, or

(3) expert testimony of an appropriate licensed professional is unnecessary for prosecution of the claim.

Pa.R.C.P. 1042.3(a)(1)-(3) (notes omitted).

> filing a certificate of merit for a period not to exceed sixty days."

Appellant's Mot. to Extend Time to File a Certificate of Merit, 3/11/13, at 1, 2 (unpaginated).

On May 24, 2013, Appellees filed a notice of intention to enter judgment of *non pros* within thirty days of the date of the filing if the certificates of merit were not filed.[5] On June 10, 2013, by agreement of the parties, the court ordered, *inter alia*, that "[a]ny **expert report** of [Appellant] shall be delivered to [Appellees] **no later than June 30, 2014**." Order, 6/10/13 (emphasis added). On June 27, 2013, Appellant filed certificates of merit as to each Appellee. On August 16, 2013, the court entered an order granting Appellant's motion to extend time to file a

---

[5] ***See*** Pa.R.C.P. 1042.6 **Notice of Intent to Enter Judgment of Non Pros for Failure to File Certificate of Merit.** "Our rules of civil procedure recognize the entry of a judgment of *non pros* . . . under [Pa.R.C.P.] 1042.7 for failure to file a certificate of merit . . . ." ***Estate of Denmark ex rel. Hurst v. Williams***, ___ A.3d ___, ___, 2015 WL 1912927 at *3 (Pa. Super. 2015). Rule 1042.7 provides, in pertinent part:

> (a) The prothonotary, on praecipe of the defendant, shall enter a judgment of non pros against the plaintiff for failure to file a certificate of merit within the required time provided that

> (1) there is no pending motion for determination that the filing of a certificate is not required or no pending timely filed motion seeking to extend the time to file the certificate,

> (2) no certificate of merit has been filed . . . .

Pa.R.C.P. 1042.7.

certificate of merit. The order provided Appellant "shall have an additional sixty (60) days from the date of this Order in which to file Certificates of Merit in compliance with Pa.R.C.P. 1042.3.[ ]" Order, 8/16/13. However, the order further provided: "The court notes that [Appellant] filed Certificates of Merit on June 27, 2013, while this Motion was pending. Since, however, the Motion had not yet been decided, [Appellant's] filing is deemed premature and ineffective." Order, 8/16/13, at 1 n.1. On October 15, 2013, Appellant filed certificates of merit as to all Appellees. Appellant failed to serve expert reports by the June 30, 2014 court-ordered deadline.

On August 6, 2014, Appellees filed a motion for summary judgment contending that Appellant "cannot establish a *prima facie* case against [Appellees] because she has failed to serve an expert report that is critical of any care rendered by [Appellees]." Appellees' Mot. for Summ. J., 8/6/14, at 2 (unpaginated). Appellant filed a response to the motion for summary judgment contending an expert report was not required because Appellees' "own records serve as an admission to the alleged negligence and, as such provide a sufficient basis for a *prima facie* case." Appellant's Resp. to Mot. for Summ. J., 8/18/14, at 1 (unpaginated). Appellant contended the doctrine of *res ipsa loquitur*[6] was applicable in the case *sub judice*.

---

[6] The Restatement (Second) of Torts articulated the doctrine of *res ipsa loquitur* as follows:

Appellant's Mem. of Law in Opp'n to Appellees' Mot. for Summ. J., 8/18/14, at 4 (unpaginated). On September 24, 2014, the court entered an order granting Appellees' motion for summary judgment

Meanwhile, on September 5, 2014, Appellees filed a motion to strike certificates of merit pursuant to Rule 1042.3(a)(1) and for *non pros* based upon Appellant's contention that no expert report was needed. Appellees' Mot. to Strike Certificates of Merit and for Judgment of Non Pros, 9/5/14, at 4 (unpaginated). Appellees aver a certificate of merit should have been filed pursuant to Rule 1042.3(a)(3). **Id.** On September 25, 2014, the court denied as moot Appellees' motion to strike certificates of merit and for judgment of *non pros*.

This timely appeal followed. Appellant filed a timely court-ordered Pa.R.A.P. 1925(b) statement of errors complained of on appeal. The trial court filed a responsive opinion.

---

> (1) It may be inferred that harm suffered by the plaintiff is caused by negligence of the defendant when
>
> > (a) the event is of a kind which ordinarily does not occur in the absence of negligence;
> >
> > (b) other responsible causes, including the conduct of the plaintiff and third persons, are sufficiently eliminated by the evidence; and
> >
> > (c) the indicated negligence is within the scope of the defendant's duty to the plaintiff.

Restatement (Second) of Torts § 328(D).

Appellant raises the following issues for our review:

1. Where the hospital records of [Appellee] Hospital concede that [Appellant] was administered excessive doses of Dilaudid and that [Appellant] suffered injury therefrom, did not these operative facts lend themselves to the application of *res ipsa loquitur*, thereby dispensing with the need for a medical expert, and was not the lower court's reliance on the **Durkin**[7] and **Vasquez**[8] cases erroneous?

2. Where prior counsel improvidently filed Certificates of Merit asserting that he had expert opinions that [Appellees] had deviated from the standard of care or causation in treating [Appellant], but in reality, no expert was required, was it not error to dismiss the case and take it away from the trier-or-fact?

Appellant's Brief at 4.

We address Appellant's arguments together because they are interrelated. Appellant contends the doctrine of *res ipsa loquitur* applies in the instant case thus obviating the need for expert testimony to establish Appellees' negligence. **Id.** at 10. She argues the circumstances "are such that a lay juror could recognize negligence just as well as any expert." **Id.** Appellant contends that there is no question that the administration of Dilaudid was excessive and as a result she suffered harm, therefore, no expert testimony was required. **Id.** at 12. Appellant avers "[i]t is without debate or argument that the certificates filed by predecessor counsel were filed under subsection (1) and not subsection (3)." **Id.** at 15. She

---

[7] **Durkin v. Equine Clinics, Inc.**, 459 A.2d 417 (Pa. Super. 1983).

[8] **Vazquez v. CHS Prof'l Practice, P.C.,** 39 A.3d 395 (Pa. Super. 2012).

concludes it was error for the trial court to grant summary judgment. *Id.* at 16.

Our review is governed by the following principles:

> "Our scope of review of a trial court's order granting or denying summary judgment is plenary[.]" We may not disturb the order of the trial court unless it is established that the court committed an error of law or abused its discretion.
>
>> In evaluating the trial court's decision to enter summary judgment, we focus on the legal standard articulated in the summary judgment rule. Pa.R.C.P. 1035.2. The rule states that where there is no genuine issue of material fact and the moving party is entitled to relief as a matter of law, summary judgment may be entered. Where the non-moving party bears the burden of proof on an issue, he may not merely rely on his pleadings or answers in order to survive summary judgment. Failure of a non-moving party to adduce sufficient evidence on an issue essential to his case and on which he bears the burden of proof establishes the entitlement of the moving party to judgment as a matter of law. Lastly, we will review the record in the light most favorable to the non-moving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party.
>
> Summary judgment should be granted when the "party who will bear the burden of proof at trial has failed to produce evidence of facts essential to the cause of action or defense which in a jury trial would require the issues to be submitted to a jury."
>
>> Medical malpractice consists of a negligent or unskillful performance by a physician of the duties which are devolved and incumbent upon him on account of his relations with his patients, or of a want of proper care and skill in the performance of a professional act. Because medical malpractice is a form of negligence, to state a *prima facie* cause of

action, a plaintiff must demonstrate the elements of negligence: duty owed by the physician to the patient, a breach of that duty by the physician, that the breach was the proximate cause of the harm suffered, and the damages suffered were a direct result of harm. With all but the most self-evident medical malpractice actions there is also the added requirement that **the plaintiff must provide a medical expert who will testify as to the elements of duty, breach, and causation**.

*Vazquez*, 39 A.3d at 397-98 (some citations omitted and emphasis added).

In *Durkin*, this Court held that

no presumption of inference of negligence arises merely because the medical treatment culminates in a bad result. . . . . The question in this case involved a reaction to certain types and dosages of drugs and the possible cause of such a reaction. **An adverse reaction to medication may have many possible causes**. Therefore, this was not an appropriate case for an instruction on *res ipsa loquitur*.

*Durkin*, 459 A.2d at 419 (emphasis added).

In the case *sub judice*, the trial court opined:

[Appellant's] Complaint alleges a brain injury resulting from the administration of the drug Dilaudid.

\* \* \*

Because of her injury, [Appellant] cannot testify as to the administration of this drug. [Appellant] must produce a witness who can interpret and read a medical chart in order for the jury to understand the issues of negligence. An area of testimony for this individual would be, 1) was the drug indicated for this condition; 2) what is the correct dosage of the drug for a person with this condition; 3) what is the correct dosage for a person of [Appellant's] height; 4) what is the correct dosage for a person of [Appellant's] weight; [5] how should the drug be administered; 6) should the drug be administered once a

day or multiple times a day; 7) should the drug be administered through a PCA system; 8) what are the contra indications of administering this drug; 9) what are the side effect of administering this drug; 10) was the drug administered in too high a quantity; 11) was the drug administered over too short a period of time; or 12) was it a combination of all of these factors. **This testimony, which may well be based upon an interpretation of the medical charts**, **requires an expert**.

Trial Ct. Op. at 2, 3 (emphasis added). We agree. Based upon Appellant's failure to produce expert reports, we discern no error of law or abuse of discretion by the trial court in granting Appellees' motion for summary judgment. **See Vazquez**, 39 A.3d at 397-98.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/21/2015